Reich & Reich, White Plains, N.Y., for Daniel H. Overmyer.

Strachan, Green, Miller, Olender & Hobt, Cleveland, Ohio, for Hadar Leasing, etc.

**In re Daniel H. OVERMYER, Debtor.**

**Bankruptcy No. 82 B 20329.**

**83 Adv. 6105.**

United States Bankruptcy Court, S.D. New York.

Oct. 11, 1983.

## DECISION ON MOTION TO DISMISS PLAINTIFF'S NONDISCHARGE-ABILITY COMPLAINT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor, Daniel H. Overmyer ("Overmyer"), has moved pursuant to Bankruptcy Rule 7012 and Fed.R.Civ.P. 12(b)(6) to dismiss the plaintiff's nondischargeability complaint for failure to state a claim upon which relief may be granted. The plaintiff is the trustee of Hadar Leasing International Company, Inc. ("Hadar"), a Chapter 11 debtor in the Bankruptcy Court for the Northern District of Ohio. The plaintiff alleges that Overmyer is and was an insider of Hadar for more than one year prior to the filing of his Chapter 7 petition with this court and that he caused Hadar to file a Chapter 11 petition in Ohio on March 27, 1981. The plaintiff further alleges that the Ohio Bankruptcy Court found that Overmyer, while acting in a fiduciary capacity for the plaintiff, Hadar, fraudulently obtained from Hadar approximately $183,-

298.10, which debt is nondischargeable under Code § 523(a)(4).

The second claim for relief in the complaint alleges that the Ohio Bankruptcy Court found that the plaintiff, Hadar, was indebted to D.H. Overmyer Telecasting Company, Inc. ("Telecasting") in the sum of $2,520,240.02 as "the result of the willful act of the defendant, Daniel H. Overmyer, and resulted in no benefit to the Plaintiff, Hadar." From this allegation the plaintiff concludes: "Pursuant to § 523(a)(6) of the Bankruptcy Code, the debt of the Defendant, Daniel H. Overmyer, to the Plaintiff, Hadar, ... is nondischargeable."

■ At this stage in the litigation, the complaint's incorporation by reference of the Ohio Bankruptcy Court's decision in the adversary proceeding, reported as *In re D.H. Overmyer Telecasting Co., Inc.,* 23 B.R. 823, 823–939 (Bkrtcy.N.D.Ohio 1982) serves no precedential purpose. The decision in that case was rendered after the defendant, Overmyer, had filed his Chapter 7 petition with this court and at a time when he was entitled to the protection of the automatic stay imposed under Code § 362(a). However, the trial of the issues in the Ohio Bankruptcy Court was concluded before the imposition of the automatic stay. All of the witnesses, exhibits and parties in that case were in no way affected by the automatic stay that applied after the debtor filed his bankruptcy petition with this court. This court has held in a related case that the debtor may assert the automatic stay when confronted with the Ohio Bankruptcy Court's decision. *First National Bank of Boston v. Overmyer (In re Overmyer)* 32 B.R. 597 (Bkrtcy.S.D.N.Y.1983). However, this court indicated that it would entertain an application for *nunc pro tunc* relief from the stay so as to accord recognition to the Ohio Bankruptcy Court's decision vis a vis Daniel H. Overmyer, since it would not further the concept of judicial economy to retry issues that were validly tried and where the case was *sub judice* when Overmyer filed his Chapter 7 petition with this court.

■ Considering the complaint in this case independently of the Ohio Bankruptcy Court's decision, it is clear that the first claim for relief is barren of any factual foundation to support a claim under Code § 523(a)(4). The elements comprising the charge of fiduciary fraud must be stated in the pleading. *See* 1 J. Moore, A. Vestal & P. Kurland, Moore's Manual, Federal Practice and Procedure § 9.07[2] at 9–23 (1982). The defendant should be apprised of the charge so as to be able to file an adequate answer. *See In re King's Place, Inc.,* 6 B.R. 305, 307–08 (Bkrtcy.E.D.Pa.1980). Here, the charge that the Ohio Bankruptcy Court found that Overmyer fraudulently obtained monies from Hadar while acting in a fiduciary capacity is muffled by the automatic stay. The pleading should not incorporate the Ohio Bankruptcy Court's decision, but should independently state a claim for relief. Therefore, the first claim for relief is dismissed without prejudice to the plaintiff's repleading this claim in a manner that will permit the defendant, Overmyer, to file an answer to the charge.

■ The second claim for relief is also defective. While it alleges that Overmyer's conduct caused the plaintiff to be obligated to Telecasting, nowhere does the plaintiff state that any part of that debt was owed by Overmyer. This fatal flaw is accompanied by a failure to satisfy the factors that comprise a nondischargeable obligation under Code § 523(a)(6), namely a "willful *and malicious* injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6) (1982) (Emphasis added). The plaintiff fails to state that the defendant's conduct was malicious, merely that it "was the result of the willful act of the Defendant, Daniel H. Overmyer ...." Code § 523(a)(6) requires that the injury was inflicted not only intentionally, but maliciously. "The element of malice distinguishes nondischargeable intentional torts from ordinary intentional tort actions." 1 W. Norton, Bankruptcy Law and Practice, § 27.52 at 27–75 (1981).

Accordingly, the second claim for relief will be dismissed without prejudice to filing

another complaint that satisfies the statutory elements sought to be charged.

SUBMIT ORDER on notice.