**In re INTERCONNECT TELEPHONE SERVICES, INC., Debtor.**

**INTERCONNECT TELEPHONE SERVICES, INC., Plaintiff,**

v.

**William FARREN, John Williams, Robert Willenberg, Dominick Mannina and Telesis Communications Corp., Defendants.**

**Bankruptcy No. 84 B 10689.**
**Adv. No. 85–5009A.**

United States Bankruptcy Court,
S.D. New York.

Nov. 15, 1985.

Sheber, Pomerantz, Slotnik & Hamburg, New York City, for debtor; Michael Sheber, Sol Slotnik, of counsel.

Kroll, Pomerantz & Cameron, New York City, for Farren, et. al.; Leigh R. Isaacs, of counsel.

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND TO DISMISS CLAIMS

BURTON R. LIFLAND, Bankruptcy Judge.

Interconnect Telephone Services ("Interconnect"), the debtor herein, is in the business of selling, installing and servicing telephone equipment. It commenced this adversary proceeding against four of its former employees, William Farren, John Williams, Robert Willenberg, and Dominick Mannina, and Telesis Communications Corporation ("Telesis") alleging *inter alia* that these employees breached their fiduciary duties to Interconnect by forming a competing corporation, Telesis, while still employed by the debtor. The former employees (the "Movants" or "former employees")

answered by filing the present motions to dismiss and to obtain partial summary judgment. The Movants essentially ask this Court to engage in a "hyper-technical interpretation of pleadings [that] subordinate substance to form," *Dressler v. M.V. Sandpiper*, 331 F.2d 130, 134 (2d Cir.1964), which this Court simply will not do.

*Factual Background*

Interconnect's complaint asserts five causes of action for relief. The first four are directed against the former employees and Telesis, while the fifth is directed only against the former employees. These causes of action may be summarized as follows:

1) Conspiracy to defraud Interconnect by organizing and incorporating Telesis to compete directly with Interconnect; conspiracy to divert and diversion of Interconnect's business opportunities; and conspiracy to fraudulently conceal such efforts;

2) Fraud in continuing in Interconnect's employ and receiving employment benefits while establishing a competing business;

3) Unfair competition in organizing a competing business and in appropriating Interconnect's "matrix price list," customer lists and other work products while still employed by Interconnect;

4) Misappropriation of trade secrets and unfair competition in utilizing Interconnect's property; and

5) Violations of the New York Business Corporation Law ("BCL") resulting from the breach of fiduciary duties owed by the former employees as officers and directors to Interconnect; and breaches of fiduciary duties.

The Movants in their present motion seek to dismiss these causes of action on a plethora of bases. They argue that the complaint *inter alia* fails to state a claim for relief, fails to plead causes of action with particularity and fails to assert causes of action supported by any applicable set of legal theories. The Movants also contend that they are entitled to partial summary judgment.

*Issues*

The following issues are presently before this Court:

1) Whether the first two causes of action in Interconnect's Complaint fail to state claims for relief under Fed.R.Civ.P. 12(b)(6);[1]

2) Whether the first two causes of action fail to plead fraud with particularity under Fed.R.Civ.P. 9(b);[2]

3) Whether the former employees are entitled to judgment as a matter of law under Fed.R.Civ.P. 56(c)[3] on the fifth cause of action; and

4) Whether the third cause of action is duplicative of the fourth cause of action and should be dismissed.

*Discussion*

A. The First Two Causes of Action in Interconnect's Complaint State Claims for Relief.

Fed.R.Civ.P. 12(b)(6) provides, in part: Every defense ... shall be asserted in the responsive pleading .. except that the following defenses may ... be made by motion:

.    .    .    .    .

(6) failure to state a claim upon which relief can be granted.

A motion to dismiss made pursuant to Rule 12(b)(6) will be granted "only where it appears with certainty that no set of facts could be proven at trial which would entitle a plaintiff to any relief." *In re O.P.M. Leasing Services, Inc,* 21 B.R. 986, 991 (Bankr.S.D.N.Y.1982) (citing, *inter alia, Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome, and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v.*

*Gibson,* 355 U.S. at 48, 78 S.Ct. at 103. *See also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) ("It is ... entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of ... mere technicalities."). Pleadings are construed liberally to prevent "errors in draftsmanship from barring justice to litigants." *Ritchie v. United Mine Workers,* 410 F.2d 827, 832 (6th Cir.1969). *See also Michael v. Clark Equipment Co.,* 380 F.2d 351, 352 (2d Cir.1967) (time spent improving a pleading is usually wasted and it's better procedure to move to the merits); *In re Dill,* 731 F.2d 629, 631 (9th Cir.1984) ("[l]iberality of construction and 'notice pleading' apply to actions brought under the Bankruptcy Code") (citation omitted).

■ Interconnect's complaint, and the first two causes of action in particular, satisfy these pleading requirements. Facts exist which provide sufficient notice of the debtor's claims of fraud and conspiracy to defraud. The Movants have certainly been given sufficient information to formulate an answer to the complaint. *See In re King's Place, Inc.,* 6 B.R. 305, 307–08 (Bankr.E.D.Pa.1980). *See also In re Overmyer,* 33 B.R. 706, 707 (Bankr.S.D.N.Y. 1983). The various memoranda submitted by the Movants, and their dissection of the various allegations and surrounding circumstances with such finesse, leave no doubt that they were adequately apprised of the claims against them. The first two causes of action therefore withstand the present motion to dismiss.

B. The First Two Causes of Action Plead Fraud With Sufficient Particularity Under Fed.R.Civ.P. 9(b).

Fed.R.Civ.P. 9(b) provides:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

---

1. Fed.R.Civ.P. 12(b)(6) is made applicable to these proceedings by Bankruptcy Rule 7012(b).

2. Fed.R.Civ.P. 9(b) is made applicable to these proceedings by Bankruptcy Rule 7009.

3. Fed.R.Civ.P. 56(c) is made applicable to these proceedings by Bankruptcy Rule 7056.

As a general rule, the complaint must allege fraud with sufficient particularity to enable a defendant to prepare an effective response. *Rodman v. Grant Foundation*, 608 F.2d 64, 73 (2d Cir.1979). *See also In re O.P.M. Leasing Services, Inc.*, 32 B.R. 199, 202 (Bankr.S.D.N.Y.1983) (the acts constituting fraud must be alleged with some specificity). In *Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111 (2d Cir.1982), the Second Circuit provided a straightforward approach to evaluating the sufficiency of a fraud claim:

> Plaintiff need only allege the existence of facts and circumstances sufficient to warrant the pleaded conclusion that fraud had occurred. In so doing, the plaintiff's attorneys would be stating "the circumstances constituting fraud ... with particularity" as required by Rule 9(b).

*Id.* at 119. Although Rule 9(b) "should be reconciled with Rule 8,[4] which requires a short and plain statement of claims," *Felton v. Walston & Co., Inc.*, 508 F.2d 577, 581 (2d Cir.1974), more than broad assertions by the plaintiff are required. *In re O.P.M. Leasing Services, Inc.*, 32 B.R. at 203. *See also Decker v. Massey-Ferguson, Ltd.*, 681 F.2d at 119 (a complaint containing "only broad and conclusory allegations referable to the general charges of wrongdoing" is unacceptable). In *Crystal v. Foy*, 562 F.Supp. 422 (S.D.N.Y.1983), the court set forth the allegations necessary to satisfy the Rule 9(b) requirements: (1) specific facts; (2) sources that support the alleged specific facts; and (3) a basis from which an inference of fraud may be fairly drawn. *Id.* at 425. "Neither Fed.R.Civ.P. 12(b)(6) nor 9(b), [however,] requires that each element of the alleged fraud be pleaded expressly." *In re King's Place, Inc.*, 6 B.R. 305, 307 (Bankr.E.D.Pa.1980) (citation omitted).

■ While Interconnect's complaint is hardly a paradigm of accomplished pleading, numerous facts are alleged which if proved at trial may be found to constitute fraudulent conduct. "[T]he artless drafting of a complaint should not allow for the artful dodging of a claim." *Morse v. Peat, Marwick, Mitchell and Co.*, Fed.Sec.L.Rep. (CCH) ¶ 95,492 at 99,493 (S.D.N.Y.1976). The allegations in the present case tell a story that belies a charge that the causes of action are merely conclusory or that defendants have not been thoroughly apprised of what behavior on their part gave rise to the present action. Interconnect's complaint plainly alleges that the undisclosed formation of Telesis, a competing company, by the Movants while still in the employ of Interconnect was in derogation of the Movants' fiduciary duties.

The Movants also assert that Interconnect impermissibly alleges fraud "on information and belief." Generally, Fed.R.Civ.P. 9(b) pleadings may not be based "on information and belief." *Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir.1972). This rule, however, is "relaxed as to matters peculiarly within the adverse parties' knowledge, [but] the allegations must then be accompanied by a statement of the facts upon which the belief is founded." *Id.* Interconnect has made averments "on information and belief," all of which relate to the circumstances surrounding Telesis' formation. Interconnect has also pleaded the facts upon which these beliefs are founded, citing actions taken by its former employees. Fraud and conspiracy to defraud have therefore been pleaded with sufficient particularity in accordance with Fed.R.Civ.P. 9(b).

## C. Movant's Motion for Partial Summary Judgment is Denied.

Fed.R.Civ.P. 56(c) provides, in part:

> The judgment sought shall be rendered forthwith if ... there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

---

4. Fed.R.Civ.P. 8(a)(2), which is made applicable to these proceedings by Bankruptcy Rule 7008(a), provides in part that "[a] pleading ... shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief."

The Movants have the burden of establishing that no genuine issues of material fact exist and that they are entitled to judgment as a matter of law. *Burtnieks v. City of New York,* 716 F.2d 982, 985 (2d Cir.1983); *Schwabenbauer v. Board of Education,* 667 F.2d 305, 313 (2d Cir.1981). Moreover, the court must view the inferences drawn from the underlying facts "in the light most favorable to the party opposing the [summary judgment] motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

■ The movants seek summary judgment on the fifth cause of action which this Court finds is premised on *both* BCL *and* common law breaches of fiduciary duties. The caption on the fifth cause of action, however, has been mislabeled by indicating only that a cause of action based on the BCL is being pursued. This error is immaterial under the liberal rules of federal pleading. *Alexander v. Unification Church of America,* 634 F.2d 673, 678 (2d Cir.1980). *See also* Fed.R.Civ.P. 8(f) (liberal construction of pleadings mandated in the interests of justice); *Ritchie v. United Mine Workers of America,* 410 F.2d 827, 832 (6th Cir. 1969) ("designation of counts is not controlling of the interpretations to be placed on ... claims"). The Movants have challenged only that portion of the fifth cause of action relating to the BCL, which alone warrants denial of the summary judgment motion. Furthermore, the reasoning used by the Movants in support of their motion is faulty. The Movants seem to believe that by denying allegations that they "acted" or "served" as officers or directors they establish that they were in fact not officers or directors. The Movants then argue that because the BCL applies only to officers or directors they are entitled to judgment as a matter of law. Not only are the Movants not entitled to judgment on this basis, but they raise a question of fact as to whether they were actual named officers or directors or functioned as such, which thereby precludes the granting of summary judgment in their favor.

D. The Third Cause of Action Is Not Duplicative of the Fourth Cause of Action.

Fed.R.Civ.P. 8(e)(2) [5] expressly provides for alternative or even hypothetical statements of a claim. Although a plaintiff is "only entitled to one recovery regardless of the number of his claims," alternative bases for relief are not grounds for dismissal. *Hunter v. H.D. Lee Co., Inc.,* 563 F.Supp. 1006, 1012 (N.D.N.Y.1983).

■ In its third cause of action, Interconnect makes a broad unfair competition claim premised on the fiduciary duty owed by employees to their employer. In the fourth cause of action, Interconnect alleges misappropriation of trade secrets, which is not dependent on the existence of a fiduciary duty. *See generally* Restatement (First) of Torts § 757 (1939).[6] The two causes of action are not redundant and the Movants' motion to dismiss the third cause of action is denied.

The Movants' motions to dismiss the bulk of Interconnect's complaint and for partial summary judgment are denied. For the reasons given above, this Court finds that Interconnect's complaint satisfies the essential requirements of pleading under the Federal Rules and provides adequate notice to the Movants of the acts alleged to have harmed the debtor. However, because the plaintiff has, in shotgun fashion, indiscriminately targeted defendants in the various causes of action, this Court directs Interconnect pursuant to Fed.R.Civ.P. 15(a) [7] to

---

**5.** Fed.R.Civ.P. 8(e)(2), which is made applicable to these proceedings by Bankruptcy Rule 7008(a), provides that "[a] party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses."

**6.** Reference is made to the First Restatement of Torts and not the Second Restatement, because this area of law was omitted from the Second Restatement. *See FMC Corp. v. Taiwan Tainan Giant Industrial Co. Ltd.,* 730 F.2d 61, 63 n. 3 (2d Cir.1984).

**7.** Rule 15(a), which is made applicable to these proceedings by Bankruptcy Rule 7015(a), provides that "[a] party may amend his pleadings ... by leave of court."

amend the first, second, third and fourth causes of action in the complaint to name the Movants and Telesis individually,[8] so that each individual has the opportunity to plead out of these causes of action if he so chooses. Leave to amend the complaint within twenty days of the date of this order is hereby granted. Failure to so amend will constitute dismissal of the first through fourth causes of action.

It is SO ORDERED.

---

**8.** The first through fourth causes of action are styled "_____ Cause of Action Against the Telesis Defendants." While this form of pleading withstands the defendants' present motions, for the sake of clarity and the liberal amendment policy of the Federal Rules, these causes of action should be styled, *e.g.*, First Cause of Ac-

tion Against (name of specific defendant against whom cause of action is asserted).