In re Leonard ROSEN, Debtor.

**Janet SCULLER f/k/a Janet Rosen and Nagel & Rice, Plaintiffs,**

v.

**Leonard ROSEN, Defendant.**

**Bankruptcy No. 191–10755–260.**
**Adv. No. 191–1284.**

United States Bankruptcy Court,
E.D. New York.

Oct. 21, 1991.

Zivyak, Adler, Klein & Liss by Jeffrey L. Zivyak, New York City, for debtor.

Kleinman, Saltzman & Goodfriend by Donna R. Cohen, West Nyack, N.Y., for plaintiffs.

## DECISION

### CONRAD B. DUBERSTEIN, Chief Judge.

This is an adversary proceeding in which the Plaintiffs seek to have their claims against the Defendant, at times referred to as the Debtor, deemed nondischargeable and in which they also seek to have his discharge denied on various grounds of fraud.

This matter comes before this court on the motion of the Debtor who moved to dismiss the seventh, eighth, ninth, eleventh, thirteenth and fourteenth claims for relief in the complaint on the grounds that each of them failed to plead fraud with

sufficient particularity as required by Fed. R.Civ.P. 9(b), made applicable to bankruptcy proceedings pursuant to Rule 7009 of the Federal Rules of Bankruptcy Procedure, hereinafter referred to as Fed. R.Bankr.P., or that they failed to state a claim upon which relief can be granted as provided for by Fed.R.Civ.P. 12(b)(6), made applicable to bankruptcy proceedings pursuant to Fed.R.Bankr.P. 7012. Plaintiffs have filed a cross-motion for leave to amend their complaint pursuant to Fed. R.Civ.P. 15, made applicable to bankruptcy proceedings pursuant to Fed.R.Bankr.P. 7015. After a hearing and for the reasons stated below, both motions are granted.

## FACTS

On June 15, 1988, Plaintiff Janet Sculler, f/k/a Janet Rosen, was awarded a Final Judgment of Divorce against her former husband, Leonard Rosen, the Debtor herein, in an action instituted in the Superior Court of New Jersey, Middlesex County. Pursuant to the divorce decree, an equitable distribution of the marital assets was to be made and the Debtor was ordered to make child support payments to his former wife. By subsequent orders of the matrimonial court, the Judgment of Divorce was amended so as to require the Defendant to reimburse Janet Sculler for monies she advanced for counsel fees and disbursements paid by her to her attorneys, Nagel & Rice, Esqs. relating to issues of child support, spousal maintenance and the matrimonial proceeding in general. Additionally, the Debtor was ordered to pay the sum of $1000.00 directly to Nagel & Rice.

On February 8, 1991, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. In his petition he scheduled several debts arising out of the aforesaid various state court orders.

Shortly thereafter, Plaintiffs commenced the instant adversary proceeding. The complaint was based on several claims to have the debts owed to Janet Sculler and Nagel & Rice be deemed nondischargeable pursuant to Sections 523(a)(4)[1] and

1. Section 523(a)(4) refers to debts excepted

from discharge for fraud or defalcation while

523(a)(5) [2], and also to have the Debtor's discharge denied pursuant to Section 727 [3].

Plaintiffs' allegations are based on several factors that may be categorized as follows: (1) the Debtor committed fraud while acting in a fiduciary capacity and committed embezzlement and larceny of certain bonds that are the subject of the debt; (2) the Debtor's failure to comply with the Judgment of Divorce in accounting and turning over his daughter's Bat Mitzvah funds constituted a fraudulent conduct of larceny; (3) the Debtor fraudulently and knowingly reduced his interest in his business in violation of a restraining order; and (4) the Debtor failed to pay Janet Sculler, as equitable distribution, monies relating to his business, as directed of him in the matrimonial action.

In his answer, the Debtor denied essentially all of the allegations charged in the complaint and simultaneously filed the instant motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the seventh, eighth, ninth, eleventh, thirteenth and fourteenth claims for relief upon the grounds that each claim failed to plead fraud with sufficient particularity as required by Fed. R.Civ.P. (9)(b). In opposition, the Plaintiffs made a cross-motion requesting the denial of the Debtor's motion, or in the alternative, for leave to amend their complaint pursuant to Fed.R.Bankr.P. 7015.

## DISCUSSION

Fed.R.Civ.P. 12(b)(6), which, as noted above is applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7012, provides in pertinent part:

> Every defense ... shall be asserted in the responsive pleadings ... except that the following defenses may ... be made by motion:
>
> .     .     .     .     .
>
> (6) failure to state a claim upon which relief can be granted.

.     .     .     .     .

> If, on a motion asserting the defense numbered (6) ..., matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment....

A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) may be granted "only when it appears with certainty that no set of facts could be proven at trial which would entitle a plaintiff to any relief." *In re O.P.M. Leasing Services, Inc.,* 21 B.R. 986, 991 (Bankr. S.D.N.Y.1982).

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Pursuant to Fed.R.Civ.P. 8(a), made applicable to adversary proceedings in bankruptcy cases by Fed.R.Bankr.P. 7008, a pleading which sets forth a claim for relief shall contain a short and plain statement of the claims showing that the pleader is entitled to relief. *Ouaknine v. MacFarlane,* 897 F.2d 75, 79 (2d Cir.1990); *DiVittorio v. Equidyne Extractive Industries, Inc.,* 822 F.2d 1242, 1247 (2d Cir.1987); *Mabon, Nugent & Co., v. Borey,* 127 B.R. 727, 735 (S.D.N.Y.1991) Furthermore, "[e]ach averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. (8)(e).

On a motion to dismiss for failure to state a claim, a court will take the complainant's factual allegations as the truth and draw all inferences in their favor. *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir. 1989). Therefore, a complaint should not

---

acting in a fiduciary capacity, embezzlement, or larceny.

**2.** Section 523(a)(5) refers to debts excepted from discharge, in pertinent part, to a spouse, or former spouse, for alimony or maintenance

in connection with a divorce decree or other order of a court of record.

**3.** Section 727 sets forth the grounds for objections to discharge.

be dismissed merely because the Plaintiff's allegations are not supported by the specific legal theory advanced. Rather, a court is under a duty to examine the complaint to determine if any possible theory for relief exists. S.C. Wright & A. Miller, *Federal Practice & Procedure:* § 1219 at p. 191 (1990).

Fed.R.Civ.P. 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Rule 9(b) is read in conjunction with Rule 8(a). The "circumstances" referred to in Rule 9(b) are "matters such as time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *In re Lion Capital Group,* 44 B.R. 690, 697 (Bankr. S.D.N.Y.1984) (quoting *Robertson v. Nat'l Basketball Assoc.,* 67 F.R.D. 691, 697 (S.D.N.Y.1975). In *Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111 (2d Cir.1982), the Second Circuit Court of Appeals applied a straightforward test to determine the sufficiency of a claim based on fraud:

> Plaintiff need only allege the existence of facts and circumstances sufficient to warrant the pleaded conclusion that fraud had occurred. In so doing, the plaintiff's attorneys would be stating "the circumstances constituting fraud ... with particularity" as required by Rule 9(b).

*Id.* at 119.

Furthermore, the court in *Crystal v. Foy,* 562 F.Supp. 422 (S.D.N.Y.1983), established that the allegations necessary to satisfy the Rule 9(b) requirements were: (1) specific facts; (2) sources that support the alleged specific facts; and (3) a basis from which an inference of fraud may be fairly drawn. *Id.* at 425; *In re Interconnect Telephone Services, Inc.,* 54 B.R. 859, 862 (Bankr.S.D.N.Y.1985). However, neither Rule 12(b)(6) nor Rule 9(b) requires each element of the alleged fraud be pleaded expressly. *In re King's Place, Inc.,* 6 B.R. 305, 307 (Bankr.E.D.Pa.1980). If the Plain-

tiffs know of the misleading statements or acts made by a Defendant, they must allege each and every statement with particularity. In the absence of any such knowledge, Plaintiffs may not use the federal discovery procedures to merely flush out fraudulent statements or acts. *Goldman v. Belden,* 98 F.R.D. 733, 737–38 (W.D.N.Y.1983); *In re Lion Capital Group,* 44 B.R. at 697. As the court in *Decker* explained, the stringent requirements of Rule 9(b) were designed to prevent a long and drawn out discovery process in the anticipation of uncovering substantive, incriminating facts. *Decker,* 681 F.2d at 116; *In re O.P.M. Leasing Services, Inc.,* 32 B.R. 199, 203 (Bankr. S.D.N.Y.1983).

Consequently, it is necessary for a complaint, under Rule 9(b), to be specific in order that it serves a sense of equity. In *DiVittorio,* the Second Circuit noted that, Rule 9(b) must be enforced so as to accomplish its three goals: (1) providing a Defendant fair notice of Plaintiff's claims to enable preparation of his defense; (2) protecting a Defendant from harm to his reputation or goodwill; and (3) reducing the number of strike suits. *DiVittorio* at 1247. In addition, "[f]air notice requires something more than a quotation from the statute...." *O.P.M.,* 32 B.R. at 228–230 (quoting *In re Hart,* 461 F.Supp. 328, 330 (E.D.Ark.1978)).

The issue, therefore, is whether the Plaintiff's complaint, taking all its factual allegations as true, provides the Defendant with notice sufficient to enable him to put forth a defense.

Plaintiffs' seventh and eighth claims for relief are based on $25,000.00 in bonds which the Debtor was ordered to turn over to his former wife pursuant to a Final Judgment of Divorce. The complaint merely states that the Debtor's failure to deliver the $25,000.00 in bonds to the Plaintiff creates a nondischargeable obligation in that such conduct constitutes a "fraud ... while acting in a fiduciary capacity, ... embezzlement and a larceny" pursuant to § 523(a)(4) and § 727 of the Bankruptcy Code. However, Plaintiffs' allegations sim-

ply track the language of § 523(a)(4) and is conclusory as to its claim under § 727. This Court finds that the allegations fail to show a sufficient factual basis to support a claim based on fraud as required by Rule 9(b). See *In re Burrow*, 131 B.R. 113, (Bankr.E.D.Ark.1991), where Judge Mary D. Scott stated:

These allegations are conclusory and do not set forth any material facts that support Plaintiff's claims. With no more information or facts than those set out in this complaint, Plaintiff would have virtually unfettered ability to present the broadest range of evidence. Under the circumstances, the Court finds that the Debtor would not be fairly apprised of the claims against him, and the [claims] ... must be dismissed for failure to state a claim upon which relief can be granted.

Plaintiffs' ninth and eleventh claims for relief are based on monies relating to Sandra Rosen's (daughter of the parties) Bat Mitzvah funds which the Debtor was ordered to turn over to Plaintiff pursuant to the Final Judgment of Divorce. The allegations set forth in these claims state only that the Debtor has failed to account for and surrender the Bat Mitzvah monies as so ordered. Without additional information or facts, Plaintiffs' allegations are nothing more than mere conclusions. Plaintiffs have failed to plead the facts with sufficient specificity to fairly notify the debtor of the claims against him. Accordingly, this Court finds that the ninth and eleventh claims based on fraud must be dismissed for failure to state a claim upon which relief may be granted.

Pursuant to the Final Decree of Divorce, the Debtor was "enjoined and restrained from transferring, mortgaging, hypothecating, or disposing of his interest in any of the assets" relating to equitable distribution, child support or spousal maintenance. In their complaint, Plaintiffs allege that "upon information and belief," Debtor has reduced his interest in these assets and has not paid certain monies on account of these assets to Plaintiff as directed by the Judgment of Divorce. In support of their thirteenth and fourteenth claims, Plaintiffs plead the following:

51. Defendant's conduct with respect to the aforementioned assets is violative of § 523(a)(4) and said debts are nondischargeable.

52. Said conduct with respect to the aforementioned assets is fraudulent and proscribed by 11 U.S.C. Section 727 and accordingly, Defendant should be denied a discharge in bankruptcy.

■ Generally, Rule 9(b) proceedings may not be based solely on "information and belief." *Interconnect Telephone*, 54 B.R. at 862. However, bankruptcy courts do not generally require the rigid standards demanded in a non-bankruptcy civil proceeding. *In re Hollis and Company*, 86 B.R. 152, 156 (Bankr.E.D.Ark.1988). The Bankruptcy Court's standard is usually "relaxed as to matters peculiarly within the adverse parties' knowledge, [but] the allegations must then be accompanied by a statement of the facts upon which the belief is founded." *Interconnect Telephone*, 54 B.R. at 862 (quoting *Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir.1972). *See also Maybon, Nugent & Co. v. Borey*, 127 B.R. 727 (S.D.N.Y.1991) (allegations of fraud may be based on information and belief when facts are peculiarly within opposing party's knowledge). The statement of facts is necessary to apprise the Defendant fairly of the charges made against him so that he can prepare a sufficient answer to the allegations. *O.P.M.*, 32 B.R. at 203. Thus, Plaintiffs have also not pleaded fraud with sufficient particularity in accordance with Fed.R.Civ.P. 9(b) as to the thirteenth and fourteenth claims for relief.

By reason of all the foregoing, Debtor's motion to dismiss the seventh, eighth, ninth, eleventh, thirteenth, and fourteenth claims for relief is granted.

### Plaintiffs' Cross–Motion

Complaints that are dismissed under Fed. R.Civ.P. Rules 8, 9(b) and 12(b)(6) are "almost always" dismissed with leave to amend. *In re Kelton Motors, Inc.*, 121 B.R. 166 (Bankr.D.Vt.1990) (citing *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir.1986).

Pursuant to Rule 15, "[a] party may amend his pleading [after a responsive pleading has been filed] only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). Moreover, "[w]henever the claim ... asserted in the amended pleadings arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Fed.R.Civ.P. 15(c). Since the Debtor will not be unduly prejudiced by an amendment to the complaint, relation back is proper.

Plaintiffs' cross-motion to amend the complaint is granted conditioned upon their serving upon the attorney for the Debtor and filing with this Court an amended complaint within twenty days from the date of the entry of an order consistent with this opinion. The Clerk of the Court is directed to mail a copy of said order to the attorneys for the Plaintiffs and the Debtor at the time such order is entered.

SUBMIT AN ORDER CONSISTENT WITH THIS OPINION.