**In re Leonard ROSEN, Debtor.**

**Janet SCULLER f/k/a Janet Rosen and Nagel & Rice, Plaintiffs,**

v.

**Leonard ROSEN, Defendant.**

**Bankruptcy No. 191–10755–260. Adv. No. 191–1284.**

United States Bankruptcy Court, E.D. New York.

March 12, 1993.

Zivyak, Adler, Klein & Liss, New York City by Jeffrey L. Zivyak, for debtor.

Nagel & Rice, Livingston, NJ by John A. Stone, for plaintiffs.

## DECISION ON MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

**CONRAD B. DUBERSTEIN, Chief Judge.**

This is an adversary proceeding in which the Plaintiffs, Janet Sculler and Nagel & Rice, Esqs., (collectively, the "Plaintiffs") seek to have their claims against the Defendant, Leonard Rosen, the debtor herein, ("Rosen" or the "Debtor") deemed nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

This matter comes before the Court on the motion of the Debtor who moved to dismiss the complaint on the grounds that each claim for relief fails to state a claim upon which relief can be granted as provided for by Fed.R.Civ.Pro. 12(b)(6), made applicable to bankruptcy proceedings pursuant to Fed.R.Bankr.P. 7012. For the reasons hereinafter set forth, the Debtor's motion is denied in part and granted in part.

### FACTS

On June 15, 1988, Judge Lawrence Lerner of the Superior Court of New Jersey granted a Final Judgment of Divorce dissolving the marriage of plaintiff, Janet Sculler, then Janet Rosen, and Leonard Rosen, the Debtor herein. Pursuant to the divorce decree, an equitable distribution of the marital assets was to be made and the Debtor was ordered to make child support payments to his former wife. By subsequent orders of the matrimonial court, the Judgment of Divorce was amended so as to require the Debtor to reimburse Janet Sculler for monies she advanced for counsel fees and disbursements paid by her to her attorneys, Nagel & Rice, Esqs., relating to issues of child support, spousal maintenance and the matrimonial proceeding in general. Additionally, the Debtor was ordered to pay the sum of $1000.00 directly to Nagel & Rice.

On February 8, 1991, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. In his petition he scheduled his debts which included several debts arising out of the aforementioned state court orders.

Shortly thereafter, Plaintiffs commenced the instant adversary proceeding. The original complaint sought to have the debts owed to Janet Sculler and Nagel & Rice be deemed nondischargeable pursuant to §§ 523(a)(4)[1] and 523(a)(5)[2], and also to have the Debtor's discharge denied pursuant to § 727.[3]

Plaintiffs' allegations were based on several factors that may be categorized as follows: (1) the Debtor committed fraud while acting in a fiduciary capacity and committed embezzlement and larceny of certain bonds that are the subject of the debt; (2) the Debtor's failure to comply with the Judgment of Divorce in accounting and turning over his daughter's Bar Mitzvah funds constituted larceny; (3) the Debtor fraudulently and knowingly reduced his interest in his business in violation of a restraining order; and (4) the Debtor failed to pay Janet Sculler, as equitable distribution, monies relating to his business, as directed of him in the matrimonial action.

In his answer, the Debtor denied essentially all of the allegations charged in the complaint and simultaneously filed a motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss certain claims for relief based on §§ 523(a)(4) and 727 upon the grounds that each claim failed to plead fraud with sufficient particularity as required by Fed.R.Civ.P. (9)(b). In opposition, the Plaintiffs made a cross-motion requesting the denial of the Debtor's motion, or in the alternative, for leave to amend their complaint pursuant to Fed.R.Bankr.P. 7015.

---

**1.** Section 523(a)(4) refers to debts excepted from discharge for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

**2.** Section 523(a)(5) refers to debts excepted from discharge, in pertinent part, to a spouse, or former spouse, for alimony or maintenance in connection with a divorce decree or other order of a court of record.

**3.** Section 727 sets forth the grounds for objections to discharge.

On November 6, 1991, this Court entered an order based on its decision of October 21, 1991, dismissing certain claims for relief in Plaintiffs' original complaint for failure to plead fraud with sufficient particularity, with leave to amend the complaint. *In re Rosen*, 132 B.R. 679 (Bankr.E.D.N.Y. 1991). Thereafter, on June 17, 1992, Plaintiffs filed an amended complaint, which Debtor's counsel asserted was technically defective and was consequently withdrawn.

On August 24, 1992, Plaintiffs filed the prevailing complaint before this Court to have their debts deemed nondischargeable pursuant to § 523(a)(5).

In response, the Debtor filed the present motion pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the amended complaint for failure to state a claim upon which relief can be granted. In addition, the Debtor argues, for the first time, that Janet Sculler's new husband had made substantial payments to Nagel & Rice on behalf of Mrs. Sculler, thereby creating an assignment of a debt which would be dischargeable pursuant to § 523(a)(5)(A).

## DISCUSSION

Fed.R.Civ.P. 12(b)(6), which, as noted above is applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7012, provides in pertinent part:

> Every defense ... shall be asserted in the responsive pleadings ... except that the following defenses may ... be made by motion:
>
> . . . . .
>
> (6) failure to state a claim upon which relief can be granted.
>
> . . . . .
>
> If, on a motion asserting the defense numbered (6) ..., matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. ...

■ A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) may be granted "only when it appears with certainty that no set of facts could be proven at trial which would entitle a plaintiff to any relief." *In re O.P.M. Leasing Servs., Inc.*, 21 B.R. 986, 991 (Bankr.S.D.N.Y. 1982).

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Pursuant to Fed.R.Civ.P. 8(a), made applicable to adversary proceedings in bankruptcy cases by Fed.R.Bankr.P. 7008, a pleading which sets forth a claim for relief shall contain a short and plain statement of the claims showing that the pleader is entitled to relief. *Ouaknine v. MacFarlane*, 897 F.2d 75, 79 (2d Cir.1990); *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987); *Mabon, Nugent & Co. v. Borey*, 127 B.R. 727, 735 (S.D.N.Y. 1991) Furthermore, "[e]ach averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. (8)(e).

■ On a motion to dismiss for failure to state a claim, a court will take the complainant's factual allegations as the truth and draw all inferences in their favor. *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989). Therefore, a complaint should not be dismissed merely because the plaintiff's allegations are not supported by the specific legal theory advanced. Rather, a court is under a duty to examine the complaint to determine if any possible theory for relief exists. S.C. Wright & A. Miller, *Federal Practice & Procedure:* § 1219 at p. 191 (1990).

In the case before this Court, Plaintiffs' amended complaint seeks an order finding the debt owed to them nondischargeable pursuant to, among others, § 523(a)(5).

Section 523(a)(5) excepts from discharge any debt—

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court

of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support. . . .

11 U.S.C. § 523(a)(5).

■ The legislative history of § 523(a)(5) indicates that the issue of whether a debt "constitutes alimony, maintenance or support, will be determined under the bankruptcy law." H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 364 (1977), U.S.Code Cong. & Admin. News, 1978, pp. 5787, 6320. The bankruptcy court is not obligated to find a debt nondischargeable solely because of the characterization of the debt under state law. *In re Silberfein,* 138 B.R. 778, 780 (Bankr.S.D.N.Y.1992); *In re Kaufman,* 115 B.R. 435, 440 (Bankr.E.D.N.Y.1990); *In re Raff,* 93 B.R. 41, 44 (Bankr.S.D.N.Y. 1988). However, reference may be made to state law to provide guidance. *Forsdick v. Turgeon,* 812 F.2d 801, 802–03 (2d Cir. 1987); *In re Spong,* 661 F.2d 6 (2d Cir. 1981).

■ In determining whether an award pursuant to a divorce action represents a debt for alimony, maintenance or support which is nondischargeable under § 523(a)(5), courts have focused on numerous factors. The most significant factors include:

1. whether the obligation terminates on the death or remarriage of either spouse; *Shaver v. Shaver,* 736 F.2d 1314 (9th Cir.1984); *In re Altavilla,* 40 B.R. 938 (Bankr.Mass.1984); *In re Ingram,* 5 B.R. 232 (Bankr.N.D.Ga.1980);

2. the characterization of the payment in the decree and the context of in which the disputed provisions appear; *In re Sledge,* 47 B.R. 349 (E.D.Va.1981); *In re Thumm,* 2 Bankr.Ct.Dec. 1347 (Bankr. E.D.Wis.1976);

3. whether the payments appear to balance disparate [sic] income; *In re Seidel,* 48 B.R. 371 (Bankr.C.D.Ill.1984); *In re Nelson,* 16 B.R. 658 (Bankr.M.D.Tenn. 1981), *aff'd in part and rev'd in part,* 20 B.R. 1008 (M.D.Tenn.1982);

4. whether the payments are to be made directly to the spouse or to a third party; *In re Calhoun,* 715 F.2d 1103 (6th Cir.1983); *In re Holt,* 40 B.R. 1009 (S.D.Ga.1984); *In re Edwards,* 33 B.R. 942 (Bankr.N.D.Ga.1983); *Nelson,* 16 B.R. 658;

5. whether the obligation is payable in a lump sum or in installments over a period of time; *In re Elder,* 48 B.R. 414 (Bankr.W.D.Ky.1985); *In re Story,* 36 B.R. 546 (Bankr.M.D.Fla.1983); *Edwards,* 33 B.R. 942;

6. whether the parties intended to create an obligation of support; *Boyle v. Donovan,* 724 F.2d 681 (8th Cir.1984); *Elder,* 48 B.R. 414; *In re Bedingfield,* 42 B.R. 641 (S.D.Ga.1983);

7. whether an assumption of the debt has the effect of providing the support necessary to insure that the daily needs of the former spouse and any children of the marriage are met; *Calhoun,* 715 F.2d 1103; *But see In re Lewis,* 39 B.R. 842, 846 (Bankr.W.D.N.Y.1984); and

8. whether an assumption of the debt has the effect of providing the support necessary to insure a home for the spouse and minor children; *In re Mencer,* 50 B.R. 80 (Bankr.E.D.Ark.1985); *But see Nelson,* 16 B.R. 658; *In re Demkow,* 8 B.R. 554 (Bankr.N.D.Ohio 1981).

*In re Kaufman,* 115 B.R. at 440–41; *In re Freyer,* 71 B.R. 912, 918 (Bankr.S.D.N.Y. 1987). It is a "well-established principle of bankruptcy law that dischargeability must be determined by the substance of the liability rather than its form." *Spong,* 661 F.2d at 9.

Plaintiffs' first through fifth claims for relief are based on orders of the matrimonial court requiring the Debtor to reimburse Janet Sculler for monies she advanced for counsel fees to her attorneys, Nagel & Rice, Esqs., which relate to issues of child support, spousal maintenance and the matrimonial proceeding in general, and to pay certain monies to Nagel & Rice directly.

In support of its allegations, Plaintiffs rely on *In re Spong*, 661 F.2d 6, for the proposition that a spouse's matrimonial attorneys' fees are alimony and thus nondischargeable under § 523(a)(5) of the Code. In *Spong*, a stipulation of settlement ending a contested divorce proceeding required the husband to pay the wife's legal fees directly to her attorney. Upon commencing an action seeking to find the debt nondischargeable, the debtor similarly argued that the debt's nondischargeable character had been lost via an assignment.

On appeal, the Second Circuit rejected this argument inasmuch as (1) the only prohibited assignments were those to state welfare agencies, *Id.* at 10, and (2) "dischargeability must be determined by the substance of the liability rather than its form." *Id.* at 9. The court found the liability running to both the former spouse and the attorney under a third party beneficiary contract theory, and consequently, nondischargeable. *Id.* at 10. *See In re Hilsen*, 122 B.R. 10, 14 (Bankr.S.D.N.Y. 1990) (payments do not have to be payable to spouse directly to be nondischargeable pursuant to § 523(a)(5)).

■ In the event this Court finds that the attorneys' fees awarded to Nagel & Rice were indeed necessary to Janet Sculler's ability to defend or maintain her matrimonial action, and thereby alimony, the obligation will be found nondischargeable. *See In re Hart*, 130 B.R. 817, 812 (Bankr. N.D.Ind.1991) (where debtor is ordered to pay spouse's attorneys' fees incident to a dissolution, and the fees awarded are based on need, such fees are usually nondischargeable as being in the nature of support); *In re Horner*, 125 B.R. 458, 462–63 (Bankr.W.D.Pa.1991) (debtor's divorce de-

cree obligation to pay former wife's attorney fees constituted nondischargeable support where attorney services were necessary for wife to pursue her support claims); *In re Auer*, 22 B.R. 274, 275 (Bankr. E.D.N.Y.1982) (award of attorneys fees was essential to a spouse's ability to sue or defend a matrimonial action, therefore, it was a "necessary" payment which constitutes alimony or support). Accordingly, this Court finds that Plaintiffs' first through fifth claims for relief state claims upon which relief may be granted.

■ Plaintiffs' sixth and seventh claims for relief are based on $25,000 in municipal bonds and monies relating to Sandra Rosen's (daughter of the parties) Bat Mitzvah funds which the Debtor was compelled to turn over to his former wife pursuant to the Final Judgment of Divorce. Inasmuch as these awards, in the form of municipal bonds and Bat Mitzvah funds, may constitute child support and spousal maintenance, Plaintiffs have stated claims upon which a nondischargeability action under § 523(a)(5) may be sustained.

Plaintiffs' eighth claim for relief is based on monies awarded to Janet Sculler on account of the Debtor's interest in his accounting firm, Leonard Rosen & Co., P.C., as well as his interest in Executive Fitness Center, St. Charles Associates, and a Vermont residence. Plaintiffs allege that the obligation to render payment of these monies, pursuant to the Judgment of Divorce, arose from the dissolution of the marriage and constitute nondischargeable support under § 523(a)(5). In response, the Debtor argues that it is "difficult ... to ascertain under which section of the Bankruptcy Code the [P]laintiff proceeds."

This Court, however, finds the Debtor's argument unpersuasive since paragraph 49 of Plaintiffs' complaint clearly states that the debt arising from this obligation "constitutes nondischargeable support under 11 U.S.C. § 523(a)(5)." Plaintiffs' Complaint ¶ 49. Furthermore, even if the Plaintiffs' basis for recovery is not fully supported, this Court is under a duty to examine the complaint to ascertain whether *any* viable

theory for relief exists. *In re Nemko*, 136 B.R. 334, 339 (Bankr.E.D.N.Y.1992).

Plaintiffs' ninth claim for relief is nothing more than a reiteration of its seventh, ninth and thirteenth claims for relief contained in their original complaint which this Court dismissed for failure to plead fraud with sufficient particularity on November 6, 1991. *Rosen*, 132 B.R. 679.

In support of their ninth claim, Plaintiffs plead the following:

52. Upon information and belief, defendant: a) conveyed the $25,000.00 in municipal bonds to be turned over to Janet Sculler for his own personal use by pledging the bonds as collateral for a loan to him. The failure to repay such loan and the resultant foreclosure of the bonds; b) used his daughter's Bat Mitzvah funds for his own use; and c) reduced his ownership and/or share of the profits in Leonard Rosen and Company, P.C. and transferred his interest in other assets, including the Vermont residence in violation of the injunction in an effort to defeat or frustrate the legitimate claims of plaintiff.

53. Such actions contribute fraud or defalcation while acting in a fiduciary capacity rendering such obligations nondischargeable....

Plaintiffs' Complaint ¶¶ 52–53.

■ The serious nature of fraud requires a "plaintiff to plead more than conclusory allegations of fraudulent conduct." *In re Argo Communications Corp.*, 134 B.R. 776 (Bankr.S.D.N.Y.1991). Fed. R.Civ.P. 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Rule 9(b) is, however, to be read in conjunction with Rule 8(a) "which requires only a 'short and plain statement' of the claims for relief." *Ouaknine*, 897 F.2d at 79; *DiVittorio*, 822 F.2d at 1247.

■ The "circumstances" referred to in Rule 9(b) are "matters such as time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *In re Lion Capital Group*, 44 B.R. 690, 697 (Bankr.S.D.N.Y. 1984) (quoting *Robertson v. Nat'l Basketball Assoc.*, 67 F.R.D. 691, 697 (S.D.N.Y. 1975)). In *Decker v. Massey–Ferguson, Ltd.*, 681 F.2d 111 (2d Cir.1982), the Second Circuit Court of Appeals applied a straightforward test to determine the sufficiency of a claim based on fraud:

Plaintiff need only allege the existence of facts and circumstances sufficient to warrant the pleaded conclusion that fraud had occurred. In so doing, the plaintiff's attorneys would be stating "the circumstances constituting fraud ... with particularity" as required by Rule 9(b).

*Id.* at 119.

■ There are three goals satisfied by Fed.R.Civ.P. 9(b): "(1) providing a defendant fair notice of plaintiff's claim, to enable preparation of a defense; (2) protecting a defendant from harm to his reputation or goodwill; and (3) reducing the number of strike suits." *DiVittorio*, 822 F.2d at 1247.

■ To satisfy the particularity requirement of Fed.R.Civ.P. 9(b), the "plaintiff need only allege the existence of facts and circumstances sufficient to warrant the pleaded conclusion that fraud had occurred." *Rosen*, 132 B.R. at 682 (quoting *Decker v. Massey–Ferguson*, 681 F.2d at 119). A satisfactory allegation includes "(1) specific facts; (2) sources that support the alleged specific facts; and (3) a basis from which an inference of fraud may be fairly drawn." *Rosen*, 132 B.R. at 682 (quoting *Crystal v. Foy*, 562 F.Supp. 422, 425 (S.D.N.Y.1983)); *In re Interconnect Tel. Servs., Inc.*, 54 B.R. 859, 862 (Bankr. S.D.N.Y.1985).

■ Realistically, a plaintiff "cannot be expected to plead a defendant's actual state of mind." *Devaney v. Chester*, 813 F.2d 566, 568 (2d Cir.1987). Therefore, Fed. R.Civ.P. 9(b) was designed to allow a certain degree of generality in alleging scienter. *Id.*, at 568. However, plaintiffs are still required "to plead the factual basis

which gives rise to a 'strong inference' of fraudulent intent." *O'Brien v. National Property Analysts Partners*, 936 F.2d 674, 676 (2d Cir.1991); *Ouaknine*, 897 F.2d at 80; *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir.1990).

 Fed.R.Civ.P. 9(b) proceedings may not be based solely on "information and belief." *Interconnect Tel.*, 54 B.R. at 862. However, bankruptcy courts do not necessarily require the rigid standards demanded in a non-bankruptcy civil proceeding. *In re Hollis and Co.*, 86 B.R. 152, 156 (Bankr.E.D.Ark.1988). The bankruptcy court's standard is usually "relaxed as to matters peculiarly within the adverse parties' knowledge, [but] the allegations must then be accompanied by a statement of the facts upon which the belief is founded." *Interconnect Tel.*, 54 B.R. at 862 (quoting *Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir.1972)). *See also Mabon, Nugent & Co. v. Borey*, 127 B.R. 727 (allegations of fraud may be based on information and belief when facts are peculiarly within opposing party's knowledge).

 If the plaintiff knows of the misleading statements or acts made by a defendant, it must allege each and every statement or act with particularity. In the absence of any such knowledge, plaintiffs may not use the federal discovery procedures to merely flush out fraudulent statements or acts. *In re Rifkin*, 142 B.R. 61, 66 (Bankr.E.D.N.Y.1992); *Goldman v. Belden*, 98 F.R.D. 733, 737–38 (W.D.N.Y.1983); *In re Lion Capital Group*, 44 B.R. at 697. The stringent requirements of Rule 9(b) were therefore designed to prevent a long and drawn out discovery process in the anticipation of uncovering substantive, incriminating facts. *Decker*, 681 F.2d at 116; *In re O.P.M. Leasing Servs., Inc.*, 32 B.R. 199, 203 (Bankr.S.D.N.Y.1983).

 In the present case, Plaintiffs' allegations have not been plead with sufficient particularity "to show a sufficient factual basis to support a claim based on fraud as required by Fed.R.Civ.P. 9(b)." *Rosen*, 132 B.R. at 683. While the complaint "gives notice of the type of scheme alleged by plaintiff, it provides no insight into the

grounds upon which the claim rests." *Farberware, Inc. v. Groben*, 764 F.Supp. 296, 302 (S.D.N.Y.1991). No description of the property transferred, the dates of the transfer, the consideration paid, nor the identity of the transferee is made by the Plaintiffs. "Without additional information or facts, Plaintiffs' allegations are nothing more than mere conclusions." *Rosen*, 132 B.R. at 683.

Furthermore, Plaintiffs' allegations pursuant to § 523(a)(4) contained in their amended complaint presently before this Court are indistinguishable from their original complaint which failed to show a sufficient factual basis to support a claim based on fraud as required by Rule 9(b). Accordingly, this Court finds that the ninth claim based on fraud must be dismissed for failure to state a claim upon which relief may be granted.

 Complaints that are dismissed under Fed.R.Civ.P. Rules 8, 9(b) and 12(b)(6) are "almost always" dismissed with leave to amend. *In re Kelton Motors, Inc.*, 121 B.R. 166 (Bankr.D.Vt.1990) (citing *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir.1986). Pursuant to Rule 15, "[a] party may amend his pleading [after a responsive pleading has been filed] only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Moreover, "[w]henever the claim ... asserted in the amended pleadings arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Fed.R.Civ.P. 15(c). Since the Debtor will not be unduly prejudiced by an amendment to the complaint, relation back is proper and Plaintiffs are permitted to submit a second amended complaint limited to the claim arising under § 523(a)(4).

## CONCLUSIONS

1. This Court has jurisdiction over this matter pursuant 28 U.S.C. §§ 1334 and 157(b)(2)(E) as it is a core proceeding con-

cerning an order to turn over property of the estate.

2. The Debtor's motion to dismiss Plaintiffs' amended complaint pursuant to Fed. R.Civ.P. 12(b)(6) and Fed.R.Bankr.P. 7012 is denied in part and granted in part as follows:

a. Plaintiffs' first through eighth claims for relief are not dismissed as they state a claim upon which relief can be granted.

b. Plaintiffs' ninth claim for relief is dismissed for failure to state a claim upon which relief may be granted, without prejudice to file a second amended complaint with respect to § 523(a)(4).

3. Plaintiffs may amend the complaint upon the condition that they serve the attorney for the Debtor and file with this Court an amended complaint within twenty days from the date of the entry of an order consistent with this opinion. The Clerk of the Court is directed to mail a copy of said order to the attorneys for the Plaintiffs and the Debtor at the time such order is entered.

SUBMIT AN ORDER CONSISTENT WITH THIS OPINION.