**In re Robert and Melissa BURROW.**

**The ARKANSAS BANK, Plaintiff,**

v.

**Robert C. BURROW, Defendant.**

Bankruptcy No. 90–30666.
Adv. No. 91–3021.

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

Aug. 9, 1991.

Jeannette Robertson, Jonesboro, Ark., for debtors.

Bryant Marshall, Jonesboro, Ark., for Bank.

Warren Dupwe, Jonesboro, Ark., trustee.

ORDER

MARY D. SCOTT, Bankruptcy Judge.

Debtors, Robert C. and Melissa A. Burrow, pursuant to F.R.C.P. 12(b)(6) have filed a Motion to Dismiss a Complaint to Determine Dischargeability of Debt and Objection to Discharge filed by The Arkansas Bank ("Bank"). The Bank has responded and the matter is now ready for review by the Court.

Initially the Court will take up the matter of dismissal of the Complaint as to separate debtor, Melissa A. Burrow. It is clear not only from the named Defendant on the face of the Complaint but also the Bank's response that Melissa A. Burrow is not a Defendant in the Bank's action. The Complaint consistently refers to only one debtor. There is only one named Defendant in the style of this adversary proceeding. Hence, the Court believes no clarification is needed. Melissa A. Burrow is not a Defendant in this adversary proceeding. No objection to her discharge has been timely filed and she will be granted a discharge pursuant to 11 U.S.C. § 727.

The Motion, as noted above, seeks to dismiss the pending complaint for failure to state a claim upon which relief can be granted. The Motion is based upon Federal Rule of Civil Procedure 12(b)(6) made applicable in adversary proceedings by Rule 7012 of the Rules of Bankruptcy Procedure.

The Federal Rules of Civil Procedure provide that a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief ..." F.R.C.P. 8(a)(2). The claim must contain *facts* which give rise to a right enforceable in a court and place the Defendant on notice with reasonable particularity of the legally cognizable claim against him. See, *In re Kerr*, 58 B.R. 171 (Bk.E.D.Ark. 1985) which noted pertinently that "this

procedure is especially crucial in objections to discharge because of the Bankruptcy Code's general policy of granting a debtor a discharge forthwith." [citations omitted].

The Plaintiff's Complaint is one not only to determine whether the debtor's discharge should be denied under 11 U.S.C. § 727, but also one to determine whether the debt owed to the Bank is one excepted from discharge under 11 U.S.C. § 523. The Plaintiff separates the Complaint into four "counts." The Court considers the sufficiency of each count as follows:

### Count I

Plaintiff's first claim is based on 11 U.S.C. § 523(a)(2)(A) which excepts from discharge any debts of an individual "for money, property, services ... to the extent obtained by false pretenses, a false representation or actual fraud ..." In support of this claim, Plaintiff pleads the following:

1. That Debtors, Robert C. Burrow and Melissa A. Burrow, his wife, filed a petition for relief under Chapter 13 of Title 11, U.S. Code, on or about December 26, 1990.

2. That Debtors' Chapter 13 case was converted to Chapter 7 of Title 11, U.S. Code, on or about February 19, 1991.

3. That Plaintiff, The Arkansas Bank, is a creditor listed in the aforementioned Petition.

4. That this Court has jurisdiction over this cause of action and the parties thereto as a result of the case In Re: Robert C. Burrow and Melissa A. Burrow, U.S.B.C. No. 90–30666(S), Chapter 7, Eastern District of Arkansas, Jonesboro Division.

5. That this adversary proceeding is a core proceeding.

6. That on or about January 18, 1990, Debtor made and delivered a promissory note to Plaintiff in the amount of Twenty Seven Thousand and 00/100 Dollars ($27,000.00).

7. That Debtor obtained money, in exchange for executing the aforesaid promissory note, by actual fraud.

8. That Debtor's aforementioned fraudulent act is in violation of Section 523(a)(2)(A) of Title 11 of the U.S. Code.

9. That, therefore, Debtor is not entitled to have the debt owing to The Arkansas Bank discharged in bankruptcy.

Under Federal Rule of Civil Procedure 9(b), made applicable in adversary proceedings by Rule 7009 of the Rules of Bankruptcy Procedure, fraud must be pled with particularity. Reading Rule 9(b) in conjunction with Rule 8, Plaintiff's Complaint must provide a short and simple description of the factual basis for the fraud claim. The Complaint merely recites that on a certain date in 1990 the debtor delivered a promissory note to the Plaintiff in the amount of $27,000.00 and "obtained money, in exchange for executing the aforesaid promissory note by actual fraud," a violation of section 523(a)(2)(A). The Court finds that the allegations in Count I fail to show a sufficient factual basis to support a fraud claim which must be pled with particularity under Rule 9(b), and should be dismissed.

### Counts II, III and IV

Plaintiff's second, third and fourth claims are based upon three different subsections of 11 U.S.C. § 727. These include section 727(a)(2)(A), (a)(3), and (a)(5). The Court will review these allegations together because there is repetition and incorporation of previous allegations within the three claims.

Plaintiff's second claim is based upon section 727(a)(2)(A) which provides that the court shall grant the debtor a discharge unless

the debtor with intent to hinder, delay or defraud a creditor or officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one year before the date of the filing of the petition;

In support of the claim, Plaintiff pleads the following:

10. That Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 8 of its Complaint to Determine Dischargeability of Debt and Objection to Discharge.

11. That Debtor, with intent to hinder, delay, or defraud The Arkansas Bank, has transferred, removed, destroyed, mutilated or concealed or has permitted to be transferred, removed, destroyed, mutilated or concealed property of the Debtor within one (1) year before the date of the filing of the Petition.

12. That Debtor's aforementioned acts are in violation of Section 727(a)(2)(A) of Title 11 of the U.S. Code.

13. That, therefore, Debtor is not entitled to receive a discharge in bankruptcy.

Plaintiff's third claim is based upon section 727(a)(3) which provides that the court shall grant the debtor a discharge unless

the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

In support of that claim, Plaintiff pleads the following:

14. That Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 12 of its Complaint to Determine Dischargeability of Debt and Objection to Discharge.

15. That Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transaction might be ascertained.

16. That Debtor's aforementioned acts are in violation of Section 727(a)(3) of Title 11 of the U.S. Code.

17. That, therefore, Debtor is not entitled to receive a discharge in bankruptcy.

Plaintiff's fourth claim is based upon section 727(a)(5) which provides that the court shall grant the debtor a discharge unless

the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

In support of that claim, Plaintiff pleads the following:

18. That Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 16 of its Complaint to Determine Dischargeability of Debt and Objection to Discharge.

19. That Debtor has failed to explain satisfactorily loss of assets or deficiency of assets to meet the debtor's liabilities.

20. That Debtor's aforementioned acts are in violation of Section 727(a)(5) of Title 11 of the U.S. Code.

21. That, therefore, Debtor is not entitled to receive a discharge in bankruptcy.

All of the allegations in Counts II, III, and IV repeat the insufficient claims under Count I and then merely track the language in the three separate Code provisions. These allegations are conclusory and do not set forth any material facts that support Plaintiff's claims. With no more information or facts than those set out in this Complaint, Plaintiff would have virtually unfettered ability to present the broadest range of evidence. Under the circumstances, the Court finds that the debtor would not be fairly apprised of the claims against him, and the remaining Counts, II, III and IV must also be dismissed for failure to state a claim upon which relief can be granted.

Unless the Complaint is "wholly incomprehensible" which it is not in this case, courts, in granting Motions to Dismiss under Rule 12(b)(6) ordinarily allow the Plaintiff to amend the Complaint. See in this regard *In re Kelpe*, 98 B.R. 479 (Bktcy. W.D.Mo.1989), citing *White v. United States*, 588 F.2d 650 (8th Cir.1978).

## CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Complaint is granted. Plaintiff is granted twenty (20) days from the entry of this Order to amend the Complaint to cure all deficiencies. Failure to timely amend will result in dismissal with prejudice of the Complaint.

IT IS SO ORDERED.