**In re Theodore R. HUMPHREY, Debtor.**

**John Paul RIESER, Trustee in Bankruptcy, Plaintiff,**

**v.**

**Theodore R. HUMPHREY, Defendant.**

**Bankruptcy No. 3–91–05856. Adv. No. 3–92–0228.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Sept. 29, 1992.

John Paul Rieser, Dayton, Ohio, for trustee/plaintiff.

David L. Hall, Flanagan, Lieberman, Hoffman & Swaim, Dayton, Ohio, for defendant/debtor.

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS; ORDER PERMITTING PLAINTIFF TO AMEND COMPLAINT

WILLIAM A. CLARK, Bankruptcy Judge.

Before the court is a motion of the debtor, Theodore R. Humphrey, to dismiss the complaint of the trustee in bankruptcy, John Paul Rieser. The court has jurisdiction by virtue of 28 U.S.C. § 1334 and the standing order of reference in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(J)—objections to discharges.

### PROCEDURAL POSTURE

On July 2, 1992, the chapter 7 trustee for the bankruptcy estate of Theodore R. Humphrey filed a complaint to deny the debtor a discharge under § 727(a) of the Bankruptcy Code. Specifically, the plaintiff/trustee alleges that the debtor should be denied a discharge on the grounds that the debtor has fraudulently transferred or concealed property under § 727(a)(2), failed to keep adequate financial records under § 727(a)(3), knowingly and fraudulently made a false oath or withheld recorded information from the trustee under § 727(a)(4), or failed to satisfactorily explain any loss of assets or deficiency of assets under § 727(a)(5).

Presently before the court is defendant/debtor's motion to dismiss the trustee's complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. In particular, the defendant objects to the trustee's filing of a complaint upon "information and belief," maintains that the plaintiff's allegations of fraud are not set forth with particularity as required by Fed.R.Civ.P. 9(b), and that allegations of fraud may not be properly made upon "information and belief."

The trustee argues that this is a complicated case, involving the debtor's conduct of business under a variety of incorporated and unincorporated names, and that certain matters "are peculiarly within the defendant's own control." The trustee further

states that he has provided notice of his intention to deny the debtor a discharge and has enumerated specific statutory sections for that purpose.

## CONCLUSIONS OF LAW

Generally, a pleading which sets forth a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a). With respect to averments of fraud, however, "the circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b).

Defendant initially contends that pleading on "information and belief" is impermissible in the instant matter:

[T]here is some general authority for the proposition that under the Federal Rules of Civil Procedure pleading on information and belief can be tolerated. This tolerance is built upon the fact that the Federal Rules of Civil Procedure contain a Rule 11. Rule 11 requires that a pleading signed by an attorney or a party is based upon knowledge, information and belief and that reasonable inquiry has been made to support that knowledge, information and belief. See *Fed.Prac. and Proc., Civil 2d (Wright and Miller)* Section 1224.

Such an analysis does not apply in the instant case. Rule 11 has not been incorporated into the Bankruptcy Rules.... Defendant's "Memorandum in Support of Motion to Dismiss," Doc. # 5.

■ Defendant's position regarding Rule 11 is incorrect. Defendant may possibly have been misled by the fact that Rule 11

was not included in the adversary rules of bankruptcy procedure (Fed.R.Bankr.P. 7001 *et seq.*), but has been incorporated into the Bankruptcy Rules as Fed.R.Bankr.P. 9011.[1] Therefore, this court finds that, in general, it is permissible to file pleadings upon the basis of "information and belief." Although the Federal Rules of Civil Procedure do not specifically provide for such pleading, "pleading on 'information and belief' in appropriate circumstances fits well with the spirit of the rules." *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1372 (10th Cir.1979).[2]

■ Defendant also maintains that allegations of fraud may not be based upon "information and belief." The court notes that defendant's argument is only applicable to part of the plaintiff's complaint, because not all of the complaint is based upon alleged fraudulent conduct by the debtor. Section 727(a)(3) pertains to the debtor's preservation of books and documents,[3] while § 727(a)(5) concerns the debtor's failure to satisfactorily explain any loss of assets.[4] Neither section requires that the debtor must have acted fraudulently, as under some of the other subdivisions of § 727(a). *Prairie Production Credit Assoc. v. Suttles (In re Suttles)*, 819 F.2d 764, 766 (7th Cir.1987); *Nassau Savings and Loan Assoc. v. Trinsey (In re Trinsey)*, 114 B.R. 86, 91 (Bankr.E.D.Pa.1990); *Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Bernard (In re Bernard)*, 99 B.R. 563, 571 (Bankr.S.D. N.Y.1989). Therefore, claims for relief under §§ 727(a)(3) and 727(a)(5) must meet the notice requirement of Fed.R.Civ.P. 8, but are not governed by the particularity re-

---

**1.** There are slight differences between Fed. R.Civ.P. 11 and Fed.R.Bankr.P. 9011, but they are immaterial to the present issue.

**2.** It is not clear to the court precisely which portions of the complaint are based on "information and belief." Because of the court's disposition of defendant's motion, this uncertainty appears insignificant at this juncture.

**3.** The court shall not grant a debtor a discharge, if—

"the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, docu-

ments, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

11 U.S.C. § 727(a)(3).

**4.** The court shall not grant a debtor a discharge, if—

"the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."

11 U.S.C. § 727(a)(5).

quirement of Rule 9(b). *Olson v. Potter (In re Potter)*, 88 B.R. 843, 848 (Bankr. N.D.Ill.1988) (discussing § 727(a)(3)). The court finds that the complaint's allegations regarding § 727(a)(3) and § 727(a)(5) satisfy the notice requirement of Fed.R.Civ.P. 8.[5]

■ Plaintiff's claims under § 727(a)(2) for fraudulently transferring or concealing property,[6] and § 727(a)(4) for a knowing and fraudulent oath or withholding of information from the trustee,[7] do involve fraudulent conduct, and therefore defendant's objection to plaintiff's complaint by way of "information and belief" is meritorious. Generally, allegations based upon "information and belief" do not satisfy the requirement of Fed.R.Civ.P. 9(b) that an averment of fraud be stated with particularity.[8,9] An exception to this general rule exists "where the relevant facts lie exclusively within knowledge and control of the opposing party." *Craighead v. E.F. Hutton & Co. Inc.*, 899 F.2d 485, 489 (6th Cir.1990). In such a case, pleading upon "information and belief" is permissible, but, "even then, the plaintiff must plead a particular statement of facts upon which his belief is based." *Id.*

■ In the instant case, plaintiff's memorandum in opposition to defendant's motion to dismiss indicates that the defendant "is in possession of the facts which constitute the basis for denial of discharge." Doc. # 6. However, the plaintiff's complaint essentially sets forth the statutory language of §§ 727(a)(2) and 727(a)(4). "[S]imply stating the technical elements of fraud is not sufficient." *In re Potter, supra*, 88 B.R. at 847. Even though the plaintiff is pleading upon "information and belief," he is still required to "set forth the facts upon which [his] beliefs are founded." *Stromfeld v. The Great Atlantic and Pac. Tea. Co., Inc.*, 484 F.Supp. 1264, 1270 (S.D.N.Y.1980). This the trustee has not done.[10] Therefore, the court finds that with respect to these two claims the plaintiff has not set forth his allegations of fraud with particularity, nor has he pled a particular statement of facts upon which his beliefs are based.

■ Because dismissal for insufficient pleadings is a harsh remedy, and the court believes that cases should be determined on their merits, the plaintiff will be afforded an opportunity to amend his complaint.

---

**5.** "All the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

**6.** The court shall not grant a debtor a discharge, if—

"(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition."

11 U.S.C. § 727(a)(2).

**7.** The court shall not grant the debtor a discharge, if—

"the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs."

11 U.S.C. § 727(a)(4).

**8.** *Stern v. Leucadia Nat. Corp.*, 844 F.2d 997, 1003 (2nd Cir.1988).

**9.** "Rule 9(b) is designed to further three goals: (1) providing a defendant fair notice of plaintiff's claim, to enable preparation of defense; (2) protecting a defendant from harm to his reputation or goodwill; and (3) reducing the number of strike suits." *Divittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242, 1247 (2nd Cir.1987).

**10.** "As an outsider to the transactions complained of, the trustee may be impaired but he is not disabled." *Hassett v. Zimmerman (In re O.P.M. Leasing Services, Inc.)*, 32 B.R. 199, 203 (Bankr.S.D.N.Y.1983).

For the foregoing reasons, it is therefore ORDERED that defendant's motion to dismiss is DENIED. It is further ORDERED that plaintiff shall amend his complaint by *October 30, 1992.*