In re Joseph F. PEREZ, Debtor.

FLEXI–VAN LEASING, INC., Plaintiff,

v.

Joseph F. PEREZ, Defendant.

Bankruptcy No. 192–17651–260.
Adv. No. 192–1685.

United States Bankruptcy Court,
E.D. New York.

July 7, 1993.

Kurtzman & Haspel by Joseph J. Haspel, Soring Valley, NY, for debtor.

Flicker & Associates by Richard L. Garelick, New York City, for plaintiff.

## DECISION

CONRAD B. DUBERSTEIN, Chief Judge.

This is an adversary proceeding in which the Plaintiff, Flexi–Van Leasing, Inc. ("Flexi–Van" or the "Plaintiff") seeks to either have its claim against the Defendant, Joseph F. Perez, the debtor herein, ("Perez" or the "Debtor") deemed nondischargeable or to have the Debtor's discharge denied pursuant to 11 U.S.C. § 727(a)(2).

This matter comes before the Court on the motion of the Debtor who moved to dismiss the complaint on the grounds that each claim for relief fails to state a claim upon which relief can be granted as provided for by Fed.R.Civ.P. 12(b)(6), made applicable to bankruptcy proceedings pursuant to Fed.R.Bankr.P. 7012. For the reasons hereinafter set forth, the Debtor's motion is granted.

## FACTS

On December 19, 1989, Flexi–Van Leasing, Inc. ("Flexi–Van"), a Delaware corporation with its principal place of business in New Jersey, commenced an action in the United States District Court for the Eastern District of New York, against Joseph Vinal Ship Maintenance, Inc. ("Vinal"), a New York corporation with ship maintenance operations in New York and Florida. *Flexi–Van Leasing, Inc. v. Joseph Vinal Ship Maintenance, Inc.*, Index No. CV–89–4264. In its complaint, Flexi–Van sought damages and costs incurred in recovering property allegedly wrongfully converted by Vinal. On April 5, 1990, Vinal executed a promissory note ("the Note") in favor of Flexi–Van, in which Vinal promised to pay Flexi–Van the principal sum of $375,612.00 to discontinue the pending district court action and to resolve other outstanding debts owed by Vinal to Flexi–Van. As part of this transaction, Perez, the president of Vinal, executed a personal guarantee in favor of Flexi–Van, under which he unconditionally guaranteed all the debts and obligations incurred by Vinal then existing or thereafter arising by reason of the Note. The personal guarantee states in relevant part as follows:

> For valuable consideration and to induce Flexi–Van Leasing, Inc. (herein called "Judgement Creditor") to extend credit in reliance thereon, Joseph F. Perez (herein called "Guarantor") hereby unconditionally guarantees the payment when due of each and every obligation direct or contingent, now existing or hereafter arising, owing to the Judgement Creditor by Joseph Vinal Ship Maintenance[,] Inc. (herein called "Judgement Debtor") by reason of the [promissory] note to which this is attached.

Promissory Note at 6 (April 5, 1990).

At that time, and in conjunction with the execution of the note, Flexi–Van and Vinal entered into a Consent Order/Confession of Judgment, (the "Consent Order"), under which the parties agreed to discontinue the pending civil action.

Pursuant to the Consent Order, Vinal agreed to tender payments to Flexi–Van in

accordance with the note. In addition, in the event Vinal failed to make payments as they came due, after notice of default, Flexi–Van would receive an entry of judgment against Vinal in the amount of the outstanding balance of the note, plus all costs and expenses of collection, including but not limited to, reasonable attorneys fees of twenty percent of the balance due.

On May 1, 1990, Vinal breached the note and failed to cure its default after Flexi–Van provided it with proper notice. Upon Flexi–Van's application on May 17, 1990, District Judge Joseph M. McLaughlin entered an Order of Judgment against Vinal in the amount of $432,734.40.

In June of 1990, Perez formed Franco Consulting Enterprises, Inc. ("Franco"), a New York corporation which was in the maritime consulting and equipment sales business. Its office was located at Perez's residence at 974 76th Street, Brooklyn, New York. Perez's wife, Teresa Perez ("Mrs. Perez") was the sole shareholder of Franco. Flexi–Van alleges that even though Mrs. Perez was the sole shareholder of Franco, Perez had, and continues to have, sole and exclusive decision-making authority with respect to the acts of Franco.

Flexi–Van states that there is no indication that Mrs. Perez has any experience in or knowledge of the maritime consulting and equipment sales business. Flexi–Van argues that Perez is solely and exclusively responsible for the day-to-day business operations of Franco's business, including soliciting consulting accounts though his numerous maritime industry contacts and selling maritime equipment through these contacts. Furthermore, through these contacts, Perez has contributed significantly to the revenue of Franco.

In August, 1992, Flexi–Van commenced an action against Perez in the Supreme Court of the State of New York, County of Kings, *Flexi–Van Leasing, Inc. v. Joseph F. Perez*, Index No. 24517/92, seeking a judgment on Perez's guarantee in the amount of $432,734.40. Oral argument was scheduled to be heard on September 10, 1992.

On September 9, 1992, one day prior to the date Flexi–Van's motion was to be heard in the state court action, Perez filed a petition for relief under Chapter 7 of the Bankruptcy Code.

On December 21, 1992, Flexi–Van commenced the instant adversary proceeding "objecting to the discharge of its claim against [the] debtor." Plaintiff's Complaint at 1; Plaintiff's Amended Complaint at 1. Plaintiff's allegations are based on several factors that may be categorized as follows: (1) the Debtor caused Vinal to terminate its business operations in June of 1990; (2) the Debtor incorporated Franco and placed all of Franco's stock in his wife's name with the intent to defraud his creditors; (3) the Debtor registered and titled an automobile in his brother-in-law's name with the intent to defraud his creditors; and (4) the proceeds from the sale of a condominium owned by the Debtor have not been accounted for.

In lieu of an answer, on February 8, 1993, the Debtor filed the present motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the complaint for failure to state a claim upon which relief can be granted.

## DISCUSSION

Fed.R.Civ.P. 12(b)(6), which, as noted above is applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7012, provides in pertinent part:

> Every defense ... shall be asserted in the responsive pleadings ... except that the following defenses may ... be made by motion:
>
> . . . . .
>
> (6) failure to state a claim upon which relief can be granted.
>
> . . . . .
>
> If, on a motion asserting the defense numbered (6) ..., matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment....

A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) may be granted "only when it appears with certain-

ty that no set of facts could be proven at trial which would entitle a plaintiff to any relief." *In re O.P.M. Leasing Servs., Inc.,* 21 B.R. 986, 991 (Bankr.S.D.N.Y.1982).

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Pursuant to Fed.R.Civ.P. 8(a), made applicable to adversary proceedings in bankruptcy cases by Fed.R.Bankr.P. 7008, a pleading which sets forth a claim for relief shall contain a short and plain statement of the claims showing that the pleader is entitled to relief. *Ouaknine v. MacFarlane,* 897 F.2d 75, 79 (2d Cir.1990); *DiVittorio v. Equidyne Extractive Indus., Inc.,* 822 F.2d 1242, 1247 (2d Cir.1987); *Mabon, Nugent & Co. v. Borey,* 127 B.R. 727, 735 (S.D.N.Y. 1991). Furthermore, "[e]ach averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(e).

■ On a motion to dismiss for failure to state a claim, a court will take the complainant's factual allegations as the truth and draw all inferences in their favor. *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir. 1989). Therefore, a complaint should not be dismissed merely because the plaintiff's allegations are not supported by the specific legal theory advanced. Rather, a court is under a duty to examine the complaint to determine if any possible theory for relief exists. S.C. Wright & A. Miller, *Federal Practice & Procedure:* § 1219 at p. 191 (1990).

■ In the case before this Court, it is impossible to determine the nature of the relief sought by the plaintiff, Flexi–Van. At the outset of Plaintiff's amended complaint, Flexi–Van indicates that it is "objecting to the discharge of its claim against [the] debtor." Plaintiff's Amended Com-

plaint at 1. This would lead one to conclude that this is a proceeding under § 523 of the Bankruptcy Code.[1] However, the complaint does not refer to § 523, nor is the language of § 523 alluded to anywhere in Plaintiff's complaint. Instead, the complaint tracks the language and the "Wherefore" clause states that Flexi–Van seeks relief pursuant to § 727(a)(2) of the Code. *See also* Letter from Richard L. Garelick, Esq., attorney for Flexi–Van Leasing, Inc., to Hon. Conrad B. Duberstein, Chief Judge, United States Bankruptcy Court, Eastern District of New York, (Dec. 21, 1992) ("We today filed with the clerk of the court Flexi–Van's complaint objecting to discharge under Section 727 of the Bankruptcy Code....").

> Section 727(a)(2) states in relevant part:
> The court shall grant the debtor a discharge, unless—
>> (2) the debtor, with intent to hinder, delay, or defraud a creditor ..., has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
>> (A) property of the debtor, within one year before the date of the filing of the petition....

11 U.S.C. § 727(a)(2).

■ In order to sustain a prima facie case of fraud, a plaintiff must establish each of five elements:

(1) The debtor made the representation;

(2) That at the time the representation was made, the debtor knew the representation was false;

(3) The debtor made the representation with the intention and purpose of deceiving the creditor;

(4) The creditor reasonably relied on the representation and the reliance was reasonably founded; and

(5) The creditor sustained a loss or damage as the proximate consequences of the representation having been made.

*In re Austin,* 132 B.R. 1, 3 (Bankr. E.D.N.Y.1991); *In re Balzano,* 127 B.R.

---

**1.** Section 523 of the Bankruptcy Code excepts from discharge certain debts including those obtained by fraud or for willful and malicious injury.

524, 539 (Bankr.E.D.N.Y.1991); *In re Gadsden*, 128 B.R. 45 (Bankr.E.D.N.Y. 1991); *In re Levitan*, 46 B.R. 380, 389 (Bankr.E.D.N.Y.1985).

■ The serious nature of fraud requires a "plaintiff to plead more than conclusory allegations of fraudulent conduct." *In re Argo Communications Corp.*, 134 B.R. 776 (Bankr.S.D.N.Y.1991). Fed.R.Civ.P. 9(b), made applicable to adversary proceedings in a bankruptcy case pursuant to Fed.R.Bankr.P. 7009, provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Rule 9(b) is, however, to be read in conjunction with Rule 8(a) "which requires only a 'short and plain statement' of the claims for relief." *Ouaknine*, 897 F.2d at 79; *DiVittorio*, 822 F.2d at 1247.

■ The "circumstances" referred to in Rule 9(b) are "matters such as time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *In re Lion Capital Group*, 44 B.R. 690, 697 (Bankr.S.D.N.Y. 1984) (quoting *Robertson v. Nat'l Basketball Assoc.*, 67 F.R.D. 691, 697 (S.D.N.Y. 1975)). In *Decker v. Massey–Ferguson, Ltd.*, 681 F.2d 111 (2d Cir.1982), the Second Circuit Court of Appeals applied a straightforward test to determine the sufficiency of a claim based on fraud:

> Plaintiff need only allege the existence of facts and circumstances sufficient to warrant the pleaded conclusion that fraud had occurred. In so doing, the plaintiff's attorneys would be stating "the circumstances constituting fraud ... with particularity" as required by Rule 9(b).

*Id.* at 119.

There are three goals satisfied by Fed. R.Civ.P. 9(b): "(1) providing a defendant fair notice of plaintiff's claim, to enable preparation of a defense; (2) protecting a defendant from harm to his reputation or goodwill; and (3) reducing the number of strike suits." *DiVittorio*, 822 F.2d at 1247.

■ To satisfy the particularity requirement of Fed.R.Civ.P. 9(b), the "plaintiff need only allege the existence of facts and circumstances sufficient to warrant the pleaded conclusion that fraud had occurred." *In re Rosen*, 132 B.R. 679, 682 (Bankr.E.D.N.Y.1991) (quoting *Decker v. Massey*, 681 F.2d at 119). A satisfactory allegation includes "(1) specific facts; (2) sources that support the alleged specific facts; and (3) a basis from which an inference of fraud may be fairly drawn." *Rosen*, 132 B.R. at 682 (quoting *Crystal v. Foy*, 562 F.Supp. 422, 425 (S.D.N.Y.1983)); *In re Interconnect Tel. Servs., Inc.*, 54 B.R. 859, 862 (Bankr.S.D.N.Y.1985).

■ Realistically, a plaintiff "cannot be expected to plead a defendant's actual state of mind." *Devaney v. Chester*, 813 F.2d 566, 568 (2d Cir.1987). Therefore, Fed. R.Civ.P. 9(b) was designed to allow a certain degree of generality in alleging scienter. *Id.*, at 568. However, plaintiffs are still required "to plead the factual basis which gives rise to a 'strong inference' of fraudulent intent." *O'Brien v. Nat'l. Property Analysts Partners*, 936 F.2d 674, 676 (2d Cir.1991); *Ouaknine*, 897 F.2d at 80; *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir.1990).

■ Fed.R.Civ.P. 9(b) proceedings may not be based solely on "information and belief." *Interconnect Tel.*, 54 B.R. at 862. However, bankruptcy courts do not necessarily require the rigid standards demanded in a non-bankruptcy civil proceeding. *In re Hollis and Co.*, 86 B.R. 152, 156 (Bankr. E.D.Ark.1988). The bankruptcy court's standard is usually "relaxed as to matters peculiarly within the adverse parties' knowledge, [but] the allegations must then be accompanied by a statement of the facts upon which the belief is founded." *Interconnect Tel.*, 54 B.R. at 862 (quoting *Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir.1972)). *See also Mabon, Nugent & Co. v. Borey*, 127 B.R. 727 (allegations of fraud may be based on information and belief when facts are peculiarly within opposing party's knowledge).

 If the plaintiff knows of the misleading statements or acts made by a defendant, it must allege each and every statement or act with particularity. In the absence of any such knowledge, plaintiffs may not use the federal discovery procedures to merely flush out fraudulent statements or acts. *In re Rifkin*, 142 B.R. 61, 66 (Bankr.E.D.N.Y.1992); *Goldman v. Belden*, 98 F.R.D. 733, 737–38 (W.D.N.Y.1983); *In re Lion Capital Group*, 44 B.R. at 697. The stringent requirements of Rule 9(b) were therefore designed to prevent a long and drawn out discovery process in the anticipation of uncovering substantive, incriminating facts. *Decker*, 681 F.2d at 116; *In re O.P.M. Leasing Servs., Inc.*, 32 B.R. 199, 203 (Bankr.S.D.N.Y.1983).

 The issue, therefore, is whether the Plaintiff's complaint, taking all its factual allegations as true, provides the Defendant with notice sufficient to enable him to put forth a defense. *Rosen*, 132 B.R. at 682.

Plaintiff's complaint contains claims for relief based on the alleged fraudulent conduct of the Debtor performed with the "intent to hinder, delay, or defraud creditors (including Flexi–Van) by his transferring, removing, destroying, mutilating or concealing or by his permitting to be transferred, removed, destroyed, mutilated or concealed" property of the Debtor within one year of the filing of the petition in bankruptcy. Plaintiff's Amended Complaint at ¶¶ 18 and 20. Plaintiff's allegations, however, simply track the language of § 727(a)(2) [2] and are mere conclusions as they fail to identify the time or place of the alleged misrepresentations Flexi–Van relied upon. *Milgrim Thomajan & Lee P.C. v. Nycal Corp.*, 775 F.Supp. 117, 121 (S.D.N.Y.1991). This Court finds that the allegations fail to show a sufficient basis to support a claim based on fraud as required by Fed.R.Civ.P. 9(b). *See In re Burrow*, 131 B.R. 113, 115 (Bankr.E.D.Ark.1991), where Judge Mary D. Scott stated:

> These allegations are conclusory and do not set forth any material facts that support Plaintiff's claims. With no more

information or facts than those set out in this Complaint, Plaintiff would have virtually unfettered ability to present the broadest range of evidence. Under the circumstances, the Court finds that the debtor would not be fairly apprised of the claims against him, and the [claims] ... must be dismissed for failure to state a claim upon which relief can be granted.

*Id.* at 115.

In the present case, Plaintiff's allegations have not been plead with sufficient particularity "to show a sufficient factual basis to support a claim based on fraud as required by Fed.R.Civ.P. 9(b)." *Rosen*, 132 B.R. at 683. While the complaint "gives notice of the type of scheme alleged by plaintiff, it provides no insight into the grounds upon which the claim rests." *Farberware, Inc. v. Groben*, 764 F.Supp. 296, 302 (S.D.N.Y.1991). No description of the property transferred, the dates of the transfer, the consideration paid, nor the identity of the transferee is made by the Plaintiffs. "Without additional information or facts, Plaintiffs' allegations are nothing more than mere conclusions." *Rosen*, 132 B.R. at 683.

 Complaints that are dismissed under Fed.R.Civ.P. Rules 8, 9(b) and 12(b)(6) are "almost always" dismissed with leave to amend. *In re Humphrey*, 146 B.R. 202, 205 (Bankr.S.D.Ohio 1992); *In re Kelton Motors, Inc.*, 121 B.R. 166 (Bankr. D.Vt.1990) (citing *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir.1986)). Pursuant to Rule 15, "[a] party may amend his pleading [after a responsive pleading has been filed] only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Moreover, "[w]henever the claim ... asserted in the amended pleadings arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Fed. R.Civ.P. 15(c). Since the Debtor will not be

2. *See infra* p. 848.

unduly prejudiced by an amendment to the complaint, relation back is proper.

### CONCLUSIONS

1. This Court has jurisdiction over this matter pursuant 28 U.S.C. §§ 1334 and 157(b)(2)(E) as it is a core proceeding concerning an order to turn over property of the estate.

2. The Debtor's motion to dismiss Plaintiffs' amended complaint pursuant to Fed. R.Civ.P. 12(b)(6) and Fed.R.Bankr.P. 7012 is granted.

3. Plaintiff may amend the complaint upon the condition that it serve the attorney for the Debtor and file with this Court an amended complaint within twenty days from the date of the entry of an order consistent with this opinion.

SUBMIT AN ORDER CONSISTENT WITH THIS OPINION.