**In re APF CO., et al., Debtors.**

**Joseph A. Pardo, Trustee of FPA Creditor Trust, Plaintiff,**

**v.**

**Avanti Corporate Health Systems, Inc., Charles E. Smith and William Merlin, Defendants.**

**Bankruptcy No. 98–1596 (PJW). Adversary No. 00–00844.**

United States Bankruptcy Court, D. Delaware.

Aug. 27, 2001.

John D. Demmy, Stevens & Lee, P.C., Wilmington, DE, Harold S. Horwich, Bingham Dana, Hartford, CT, for Avanti Corporate Health Systems, Inc. and Charles E. Smith.

Neil B. Glassman, Jeffrey M. Schlerf, Elio Battista, Jr., Wilmington, DE, Dennis J. O'Grady, Joseph L. Schwartz, Riker, Danzig, Scherer, Hyland & Perretti LLP, Morristown, NJ, Co-Counsel for plaintiff, Joseph A. Pardo.

## MEMORANDUM OPINION

PETER J. WALSH, Bankruptcy Judge.

Before the Court is the motion (Doc. # 5) of Avanti Corporate Health Systems,

Inc. ("Avanti") to dismiss the three count complaint of Joseph A. Pardo, Trustee of the FPA Creditor Trust ("Trustee") to avoid and recover fraudulent and preferential transfers. This dispute arises from the prepetition sale by Avanti to APF Co. f/k/a FPA Medical Management, Inc. ("FPA") of a physician practice management company and the medical practices it serviced. The Trustee seeks to avoid and recover, *inter alia,* the $4 million in cash and the 1,402,123 shares of its stock FPA paid for the acquisition. Avanti moves to dismiss under Fed.R.Civ.P. 12 and 9(b).[1] For the reasons discussed below I will deny the motion as to count I and grant the motion as to counts II and III of the complaint.

## BACKGROUND

FPA purchased Avanti Health Systems of Texas, Inc. ("Avanti–Texas") from Avanti. On November 19, 1997, FPA and Avanti executed a Stock Purchase Agreement by which FPA acquired all the issued and outstanding capital stock of Avanti–Texas. In exchange, FPA (i) paid Avanti $4 million in cash, (ii) transferred 1,402,123 shares of its publicly traded stock to Avanti, then valued at approximately $27 million, (iii) assumed certain liabilities of two related entities, Doctors Officenter Medical Group of Houston, PA ("DOMGH") and Doctors Officenter Medical Group of Dallas, PA ("DOMGD"), and (iv) made certain additional payments to two individual doctors, Charles E. Smith ("Smith") and William Merlin ("Merlin"). Less than a year later, on July 19, 1998, FPA filed for voluntary chapter 11 relief.

Plaintiff is the Trustee of the FPA Creditor Trust established by the confirmed chapter 11 plan in this case. He is seeking recovery of the assets, or their value, which FPA paid for the acquisition of Avanti–Texas, DOMGH and DOMGD. Counts I and II seek to avoid and recover the assets as fraudulent transfers under §§ 548, 544 and 550.[2] Count III seeks to avoid and recover the assets as preferences under §§ 547 and 550.

Avanti moves to dismiss on four grounds. First, it argues dismissal is warranted as a matter of law because there was no "transfer of an interest of the debtor in property" as required by § 547, § 548 and at relevant state law under § 544 because a corporation has no ownership interest in shares of its own stock. Second, Avanti argues count II of the complaint fails to plead intentional fraud with particularity as mandated by Rule 9(b).[3] Avanti also moves to dismiss count II under § 544 because it does not identify an actual unsecured creditor under whose rights the Trustee is claiming nor does it identify the applicable state law pursuant to which he is proceeding. Finally, Avanti moves to dismiss count III because it fails to adequately plead a preference under § 547. I will address each argument in turn.

## DISCUSSION

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) serves to test the suffi-

---

**1.** With modifications not relevant here, Fed. R.Bank.P. 7012 and 7009 make Fed.R.Civ.P. 12 and 9(b) applicable to adversary proceedings in bankruptcy.

**2.** Unless otherwise indicated, all references to "§ ___" herein are to a section of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

**3.** The failure to plead a claim with the particularity required by Rule 9(b) is a failure to state a claim upon which relief may be granted under Rule 12(b)(6).

ciency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993); *Loftus v. Southeastern Pennsylvania Transp. Auth.*, 843 F.Supp. 981, 984 (E.D.Pa.1994). When deciding such a motion, I accept as true all allegations in the complaint and all reasonable inferences drawn from it which I consider in a light most favorable to the plaintiffs. *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997); *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989). I should not grant a Rule 12(b)(6) motion "unless it appears beyond doubt that [plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Avanti moves to dismiss counts I and II as a matter of law because they fail to plead "a transfer of an interest of the debtor in property" as required by § 548 or at state law under § 544. Avanti argues that it is well-settled that a corporation has no property interest in shares of its own stock and that consequently, a transfer of the debtor's own stock cannot be the basis of a fraudulent transfer. In response, the Trustee argues that although a corporation may not have an ownership interest in capital stock, it does have an ownership interest in treasury stock. The Trustee also argues that dismissal based on the status of the FPA stock alone is inappropriate because the complaint is not limited to the FPA stock as the property fraudulently transferred. I agree with the Trustee for two reasons.

■ First, without regard to the FPA stock, counts I and II state a cause of action for which relief may be granted. For purposes of a Rule 12(b)(6) motion, I take all "well pleaded allegations of the complaint as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any circum-

stances, the plaintiff might be entitled to any relief." *Helstoski v. Goldstein*, 552 F.2d 564, 565 (3d Cir.1977).

The Trustee challenges the entire transaction between FPA and Avanti as fraudulent. Accordingly, the complaint attacks not only the transferred stock, but also FPA's assumption of assorted liabilities, its transfer of cash and the "additional payments" FPA made to Merlin and Smith. Complaint at ¶¶ 19–32. Thus, even if one ignores the value of the FPA stock, and construing the allegations in a light most favorable to the Trustee, the complaint adequately alleges "a transfer of an interest in property of the debtor" for purposes of pleading a fraudulent conveyance.

■ Second, whether the FPA stock may be the basis of a fraudulent transfer action may turn on whether it is treasury stock or authorized and reissued stock. Avanti cites authority for the proposition that a corporate debtor does not have a property interest in shares of its capital stock the transfer of which would render it subject to a fraudulent conveyance action. *E.g., Uranga v. Geib (In re Paso Del Norte Oil Co.)*, 755 F.2d 421, 424 (5th Cir.1985); *Hansen v. Finn (In re Curry and Sorensen, Inc.)*, 57 B.R. 824, 829 (9th Cir. BAP 1986). There is case law, however, that suggests a corporation does own treasury stock such that its transfer would bring it within the scope of § 548 or relevant state law under § 544. *See, e.g., Webster v. Barbara (In re Otis & Edwards, P.C.)*, 115 B.R. 900, 909 (Bankr. E.D.Mich.1990) (principles of corporate finance theory regarding accounting of treasury shares as noncorporate assets "are of limited use in the fraudulent conveyance context"); *Karasik v. Pac. Eastern Corp.*, 180 A. 604, 606 (Del.Ch.1935) ("[S]tock when acquired [by the corporation] becomes treasury stock which may be sold by the corporation and realized upon as

any other asset; or, if it is desired not to sell the stock, its retention by the corporation increases pro tanto the asset value underneath the stock held by the general body of the stockholders who are in a material though not technical sense the corporation ..."); Martin J. Bienenstock, *Once in Bankruptcy, Whose Company is it Anyway?* 573 PLI/Comm. 667, 675 n.10 (1991) ("[t]reasury stock owned by the debtor is property of the estate and may be recovered if fraudulently transferred").

The parties dispute whether FPA gave treasury or capital stock to Avanti. *See* Plaintiffs' Memorandum of Law in Opposition to ... Dismiss Complaint (Doc. # 14) at p. 5 n. 2 ("On information and belief, the stock transferred to Avanti by FPA was treasury stock of the Debtors") and p. 12 ("Moreover, it is unclear whether the FPA Stock ... was unissued stock or treasury stock") and Reply Memorandum of ... Avanti (Doc. # 17) at p. 10 n. 2 ("Section 4.02(a) of the Stock Purchase Agreement provides that with reference to the FPA Common Stock, 'no shares were held in the treasury of FPA' "). It is not appropriate to adjudicate such a dispute of fact in the context of a Rule 12(b)(6) motion. If Avanti is right that the FPA stock is not treasury stock, it may be possible to resolve the matter in a subsequent motion for partial summary judgment. At this time, however, the Trustee states at least a colorable claim for relief so that dismissal of counts I and II on this issue under Rule 12(b)(6) as a matter of law is not proper.

Avanti next moves to dismiss those portions of counts I and II which allege intentional fraud because they fail to comply with the heightened pleading standard of Rule 9(b). Avanti argues dismissal is warranted because the complaint "omits mention of *any* facts and circumstances constituting or suggesting intentional fraud, much less identification of each defendant's contribution to the alleged fraud." Memorandum of Law of ... Avanti ... in Support of Motion to Dismiss (Doc. # 6) at p. 10 (emphasis in original).

■ Rule 9(b) requires that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b). The Third Circuit condones a lenient approach to application of this standard. *Seville Indus. Machin. Corp. v. Southmost Machin. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). Although a plaintiff must plead with particularity the circumstances of the alleged fraud, a plaintiff need not plead the "date, place or time" of the fraud so long as they use an "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Id.* Especially in bankruptcy cases, where the plaintiff is a trustee acting on behalf of the estate or a group of creditors, courts apply Rule 9(b) with greater flexibility recognizing that trustees often lack knowledge or have only secondhand knowledge of prepetition fraudulent acts involving the debtor and third parties. *E.g., Flexi–Van Leasing, Inc. v. Perez (In re Perez)*, 155 B.R. 844, 849 (Bankr.E.D.N.Y.1993) (when applying Rule 9(b) "bankruptcy courts do not necessarily require the rigid standards demanded in a non-bankruptcy civil proceeding"); *Davidson v. Twin City Bank (In re Hollis & Co.)*, 83 B.R. 588, 590 (Bankr.E.D.Ark.1988) (recognizing more liberal approach to fraud pleading in bankruptcy cases where trustee brings suit); *Birnberg v. Rancho La Costa, Inc. (In re Reach McClinton & Co.)*, 62 B.R. 978, 981 (Bankr.D.N.J.1986) (discussing Rule 9(b) and noting trustees work at a disadvantage and under greater disability).

■ I find that the Trustee's complaint meets the Rule 9(b) pleading requirements. The complaint alleges the circum-

stances surrounding the alleged fraud as follows:

> In November 1997, FPA acquired Avanti–Texas and related entities from Avanti, Smith and Merlin. Complaint at ¶ 19. FPA executed a Stock Purchase Agreement with Avanti pursuant to which FPA acquired all of the issued and outstanding capital stock of Avanti–Texas. Complaint at ¶ 20.
>
> As consideration for the acquisition of Avanti–Texas, FPA paid Avanti, Smith and Merlin $4 million in cash; 1,402,123 shares of FPA Stock with an approximate fair market value of $27 million; and certain additional payments to Smith and Merlin. FPA also assumed certain liabilities. Complaint at ¶¶ 21 – 25.
>
> In connection with the purchase, Smith sold his 100% stock interest in DOMGH to Kevin Ellis, an officer of FPA, for additional payments from FPA. Complaint at ¶ 24.
>
> FPA made the transfers with the actual intent to hinder, delay or defraud entities to which FPA became indebted on or after the date of the transfers and FPA was insolvent or became insolvent as a result of the transfer at the time they were made. Complaint at ¶¶ 27–28.

This provides sufficient notice to Avanti of who committed the alleged fraud and its surrounding circumstances to satisfy Rule 9(b).

Avanti also moves to dismiss count II under § 544(b) because it fails to identify an unsecured creditor under whose rights the Trustee is claiming. Section 544(b) permits the Trustee to exercise whatever rights of avoidance a creditor holding an unsecured allowable claim could have exercised on its own behalf under applicable state or federal non-bankruptcy law. 11 U.S.C. § 544(b). Avanti contends the Trustee must specifically plead the existence of an identified creditor who held a claim at the time of the transfer and the state law pursuant to which he is proceeding. I am not persuaded that a trustee must do so, but I agree with Avanti that in this case, the Trustee's complaint is deficient.

■■■ When analyzing the sufficiency of a complaint for purposes of Rule 12(b)(6), courts do not generally require a trustee to plead the existence of an unsecured creditor by name, although the trustee must ultimately prove such a creditor exists. *Fisher v. MRM Group, Inc. (In re Multi–Risk Mgmt., Inc.),* 1998 WL 566044, at *2 (Bankr.N.D.Ill.1998) (trustee must not plead by name existence of creditors under § 544(b)) *citing Matter of Leonard,* 125 F.3d 543, 544 (7th Cir.1997); *Askanase v. Fatjo,* 1993 WL 208682, at * 4 (S.D.Tex.1993) ("Although the trustee at trial must establish the existence of an allowed claim that could have been avoided, the complaint need not outline all the elements of a § 544(b) claim"). A complaint, however, "must set forth sufficient information to outline the elements of [the] claim or to permit inferences to be drawn that these elements exist." *Walker v. South Cent. Bell Tel. Co.,* 904 F.2d 275, 277 (5th Cir.1990).

■■■ Count II does not meet this standard. Without more, the Trustee simply incorporates the previous allegations of the complaint (at ¶ 33) and adds the conclusory assertion that "[t]he Debtors' transfers of property as a result of the Transaction constitute fraudulent transfers under applicable nonbankruptcy law, which are avoidable and recoverable by the Trustee pursuant to 11 U.S.C. § 544 and applicable state law." Complaint at ¶ 34. He provides no other information. This portion of the pleading is so vague that drawing inferences regarding the elements of § 544(b) is difficult. Although liberal, the pleading requirements of the Federal

Rules are not intended to reduce a defendant to guesswork and conjecture. Avanti's motion to dismiss count II is therefore granted. I do so without prejudice to the Trustee's right to amend the complaint and I find that relation back under the circumstances would be proper.[4]

 Finally, Avanti argues that count III for avoidance of a preferential transfer under § 547(b) should be dismissed because it does not adequately plead the necessary elements, specifically, the complaint fails to identify the allegedly preferential transfers. I agree.

Under section § 547, the Trustee must establish that:

(1) an interest of the debtor was transferred;

(2) the transfer was made to or for the benefit of Avanti;

(3) the transfer was because of an antecedent debt;

(4) the debtor was insolvent at the time of the transfer;

(5) the transfer occurred within ninety days before the bankruptcy petition was filed; and

(6) the transfer permitted Avanti to receive more than it would have received upon liquidation of the debtor under the Code.

11 U.S.C. § 547(b); *Glenshaw Glass Co. v. Ontario Grape Growers Mktg. Bd. (In re Keystone Foods, Inc.)*, 145 B.R. 502, 508 (Bankr.W.D.Pa.1992).

Count III recites the statutory language of § 547(b) and then simply concludes that "[d]uring the ninety (90) days preceding the Filing Date, the Debtors made a number of payments to Defendants, some or all of which were as a result of the Transaction (the 'Preference Payments')." Complaint at ¶¶ 36–37. The Trustee fails to provide even rudimentary facts surrounding the preferences—e.g., the date, time and amount of the allegedly preferential payments, to whom made, the respective values, etc.—a point which the Trustee essentially concedes.

Although the Federal Rules require only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a), a plaintiff must do more than merely recite the statutory language to survive a motion to dismiss. *Accord e.g., State Farm Fire & Cas. Co. v. Jenkin (In re Jenkin)*, 83 B.R. 733, 735 (9th Cir. BAP 1988) ("A complaint that contains a mere recitation of the statutory language, does not state a cause of action...."). I will therefore grant Avanti's motion to dismiss count III and as before, I do so without prejudice to the Trustee to file an amended complaint that can relate back under Fed.R.Civ.P. 15(c).

## CONCLUSION

For the reasons set forth above, I will deny in part and grant in part Avanti's motion to dismiss the Trustee's complaint. I deny the motion to dismiss count I of the complaint. I find that the Trustee pleads a colorable claim for relief to avoid and recover the assets FPA transferred to Avanti in consideration for FPA's acquisition of Avanti–Texas, DOMGH and DOMGD under § 548 and § 544. However, I will grant Avanti's motion to dismiss

---

**4.** Fed.R.Civ.P. 15 permits a party to amend his pleading by leave of the court, and "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). An amendment "relates back to the date of the original pleading when the claim ... asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or at-tempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c). Courts "almost always" dismiss complaints under Fed.R.Civ.P. 8, 9(b) and 12(b)(6) with leave to amend. *Glinka v. Dartmouth Banking Co. (In re Kelton Motors, Inc.)*, 121 B.R. 166, 189 (Bankr.D.Vt. 1990) *citing Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir.1986).

counts II and III of the complaint. I do so without prejudice to the Trustee's right to file an amended complaint that can relate back under Fed.R.Civ.P. 15(c).

## ORDER

For the reasons set forth in the Court's memorandum opinion of this date, it is hereby ordered that the Motion of Defendants Avanti Corporate Health Systems, Inc. and Charles E. Smith to Dismiss Complaint to Avoid and Recover Fraudulent and/or Preferential Transfers (Doc. # 5) is **DENIED** as to count I of the Complaint and **GRANTED** as to counts II and III, **subject** to the right of Plaintiff to file and serve within 30 days from the date of this order an amended complaint.